## WOOD vs. EDGAR.

A special deposite of coin does not constitute the depositary a debtor within the the meaning of the sixth section of the act.concerning executions, so as to subject him to a garnishment upon an execution against the despositor.

## ERROR to Cooper circuit court.

### STATEMENT OF THE CASE.

The plaintiff in error, at the September term of the circuit court of Cooper county, obtained a judgment against James L. Collins and David Workman for the sum of $1273 22 for his debt and damages and for costs, and to obtain satisfaction of his judgment, he caused an exetion to be issued upon it and placed the same in the hands of the sheriff of Cooper county to be executed. The sheriff finding no property of the defendants upon which to levy the same, at the instance of the plaintiff summoned the said James M. Edgar as garnishee, to answer interrogatories to be exhibited by plaintiff at the return term of the writ, as is provided in the 6th section of the act regulating proceedings by and upon execution.

The plaintiff exhibited his interrogatories to the said Edgar, who, as garnishee, answered that at the time of his being summoned he had $1000 of American gold (in his possession) of the said Collins, and still had the same, and that said Collins had placed it in his hands, with directions to him, said Edgar, to endeavor to compound with the creditors of the late firm of said Collins and Workman, and to use the same in compounding with said creditors upon the best terms he could procure; and thereupon he submitted to the court the matter, whether the money so in his hands was subject to the demand of the plaintiff or not.

Upon this answer the plaintiff moved the court for judgment against said garnishee; and the court decided that the money was not liable to his demand, and thereupon rendered judgment for costs of the proceedings against the plaintiff. The plaintiff excepted to th opinion of the court, and moved the court for a new trial, which being overruled, the case was brought to this court by writ of error.

Hayden, for plaintiff in error.

1. The statute authorizing the proceedings by garnishment is a remedial statute, and should

Wood vs, Edgar.

be liberally construed by the courts to effect the object of its enactment; and in doing so, the courts will understand by it, that the legislature intended to afford the creditor the means of reaching such effects of the debtor as are or may be in the hands of strangers to the execution, and which are not tangible or to be found by the ordinary means resorted to by the officer holding the execution, in a faithful discharge of his duty.

It was the intention of the legislature to afford a creditor, upon his writ of execution, in his suit by garnishment, (if the phrase be allowable) the same measure of justice as is afforded the creditor in a similar proceeding, upon his writ of attachment. The object, policy and reason of the two statutes being precisely the same, as is manifested as well in the form of the proceedings presented by the two acts under which the same may be had, as in the judgment provided for in each. See Digest, 1845, title "Attachment," secs. 12 and 13 ; same book, title "Execution," page 476, sec. 6.

By the 12th section of the attachment law, it is enacted that garnishees may be summoned by the sheriff to appear at the return term of the writ of attachment "to answer the interrogatories which may be exhibited by the plaintiff against him," and such is the form of the summons prescribed in favor of the execution creditor, and it is further expressly provided in behalf of the execution creditor, that "the like proceedings shall be had, and the like judgment rendered for or against the garnishee, as are or may be provided in cases of garnishees summoned in suits originating by attachments." Now I cannot well perceive how it can be maintained, (as it was decided by the circuit court in the case at bar) that when a party is summoned as garnishee, and answers that he has money in his hands, which belongs to the defendant in the execution, and which he holds to and for the defendant alone, that the money thus in the hands of the garnishee, and to which he has no right, and claims none, being the money of the defendant, should be less liable to satisfy, in this proceeding, the debt of the plaintiff, than would be the same amount of money in his hands, as a debtor of the defendant in the execution. There is no reason for any such distinction, and there can be none ; especially when we contemplate the object which the legislature had in view in enacting the law and the true nature of the proceeding as a remedy. As a remedy, it is a suit by the creditor against a person who is a debtor of his, the plaintiff's debtor. It cannot be viewed or considered in any other light. By it, the person garnisheed is summoned and made a party to that part of the creditor's case, which is in progress under his execution, and being summoned, the law gives him the same right to defend himself against the creditor's allegations, in regard to his having money of the defendant in his possession, that he would have against the debtor in the execution, if sued by him ; and of this proceeding, the defendant, being a party to the execution, has notice and is bound by it; so that no injury can result to either of the debtors, and the plaintiff will thus obtain his debt out of that which could not otherwise be had, and the object and meaning of the law, will, as a remedy, be carried out.

LEONARD, for defendant in error.

A special deposite of coin does not constitute a depositary a debtor, within the meaning of our attachment laws, so as to subject him, in respect to the deposite to a garnishment upon execution against depositor. Rev. Statutes of 1845, title "Execution," p. 476, sec. 6.

NAPTON, J., delivered the opinion of the court.

We concur, in this case, in the construction which the circuit court gave to the 6th section of our act concerning executions. We do not understand that under this section a person having possession of property of the defendant in the execution can be garnisheed. That section is confined to debtors of the defendant, and in this respect is more

limited in its operation than the corresponding section of the attachment law.

No necessity is perceived for giving this statute a more enlarged construction. Gold and silver coin are subject to be seized on execution, like any other property not exempted by law, and the same vigilance which enables the creditor to garnishee the person in whose possession it happens to be found, would enable him to levy directly upon the money. So also it could be reached by attachment, if the case in other respects authorized one.

If the garnishee, in this case, had been the depositary of a horse, or other chattel, than the gold coin belonging to the defendant, it could hardly admit an argument that such a depositary was not a debtor of the defendant within the meaning of the act. The principle is not changed by the fact that the property was current gold coin, since an execution reaches it under our law.

The only question is, was Edgar, the garnishee, a debtor of Collins, the defendant? He had received from Collins one thousand dollars in American gold, with directions as to the disposition of it. He was in no sense a debtor to Collins. He had not in any way rendered himself liable to any action by Collins, or any of Collins' creditors. He held the property or money, so far as it appears, merely as a deposit—expecting to derive no benefit in any form and to incur no liability by reason of its being in his possession. He had been merely passive and had done nothing to subject himself to responsibility. If the property was the property of Collins, there was nothing to obstruct the levy of an execution by Collins' creditors. Why, then, give any latitudinous construction to the execution law, so as to inflict costs upon the garnishee, when nothing is to be gained even for the creditors? He has simply mistaken his remedy. Judgment affirmed.