PRATTE & DICKSON, Defendants in Error, *vs.* SCOTT & OTIS, Plaintiffs in Error.

1. A factor having in his possession goods consigned to him for sale, is not liable to be garnished on execution as a debtor of the owner.

*Error to St. Louis Circuit Court.*

An agreed statement of the facts is set out in the opinion of the court.

*T. T. Gantt*, for plaintiffs in error. Only *debtors* can be summoned as garnishees under a *fi. fa.* R. C. 1845, p. 476, §6. 7 Mo. Rep. 435. 13 Mo. Rep. 451. The consignee of goods before sale cannot be treated as a debtor.

*Comfort & Manter*, for defendants in error.

RYLAND, Judge, delivered the opinion of the court.

In this case, the following statement of facts is agreed upon by the counsel of the parties:

" Pratte & Dickson having a judgment against Gridley, issued an execution, and summoned Scott & Otis as garnishees of Gridley. The garnishees answered and showed that, at the time they were so summoned, they had a consignment in their hands belonging to Gridley, on which they had made large advances; that the consignment was unsold when they were summoned;

that, in the interval between their being so summoned and the sale by them (they were auctioneers) of the consignment, they were summoned as garnishees in a suit of original attachment, wherein Laureal & Taylor were plaintiffs, and Gridley was defendant, and that the proceedings in that cause were still pending and undetermined in the St. Louis Court of Common Pleas; that, after being so summoned in both cases, they sold the consignment, and a small balance remained in their hands to the credit of Gridley; and that they were not otherwise indebted, &c. Whereupon, the said garnishees prayed to be discharged. But the court gave judgment against them on their answer, in favor of Pratte & Dickson, for the balance which remained in their hands, and the garnishees excepted. It is admitted that judgment has since been rendered against the said garnishees, in the St. Louis Court of Common Pleas, for the same balance, as garnishees of Gridley, in favor of Laureal & Taylor, who commenced their suit, as aforesaid, by original attachment, summoned Scott & Otis, as garnishees, before the consignment was sold, and duly prosecuted the suit to judgment against Gridley, and against Scott & Otis, as his garnishees."

1. From this statement, it is plainly to be seen that the only question of importance, for our consideration, is in regard to the indebtedness of the garnishees, Scott & Otis, to the defendant in the execution, Gridley. If Scott & Otis are *debtors* to Gridley, then the judgment below was proper; if not debtors, then the judgment is erroneous.

The statute permitting debtors of the defendant in an execution to be summoned as garnishees, has been more than once before this court for construction and interpretation.

In the cases of *Van Winkle & Randall* v. *McKee*, defendant, and *Baum*, garnishee, 7 Mo. Rep. 435; *Lee et al.*, v. *Faber & Watson*, 8 Mo. Rep. 322, and *Wood* v. *Edgar*, 13 Mo. Rep. 451, it can be seen that this court regards the statute permitting the garnishing on execution as much more limited and restricted than the garnishing in original suits by

Pratte *v.* Scott.

attachment. The persons liable to this process on execution, must be *debtors* to the defendant in such execution. The relation of debtor and creditor must exist between them.

In the case of *Wood* v. *Edgar*, 13 Mo. Rep. 451, it was held, that a special deposit of coin did not make the depositary a debtor, within the meaning of this statute, allowing garnishees to be summoned on execution. The court said: " We do not understand that, under this act, a person having possession of property of the defendant in the execution, can be garnished." Such person must be a debtor of the defendant before he is liable to this process.

Now it appears that the garnishees in this case were auctioneers, and as such had received, on consignment, property belonging to Gridley, the defendant in the execution, on which they had made advancements; that the consignment was unsold when they were summoned; that, before the sale of the consignment, and after they had been garnished on the execution, they were summoned as garnishees in a suit of original attachment, wherein Laureal & Taylor were plaintiffs, and the said Gridley, defendant, and this suit was still pending in the St. Louis Court of Common Pleas. Under the principles laid down in the cases heretofore before this court, these defendants were not debtors to Gridley when they were garnished; the relation of debtor and creditor was not existing between them, and they were not liable to be summoned as garnishees on execution. In attachment suits, garnishees need not be debtors; they may be garnished if they have property of the defendant in their possession. The relation of creditor and debtor need not necessarily exist between them. Not so, when garnished on execution. We, therefore, adhering to the former decisions upon this subject, which we think are the true and correct interpretation and construction of these statutes, do reverse the judgment below, the other judges concurring.