FREDERICK FENTON ET AL., Appellants, *v.* BLOCK, TYLER & COMPANY ET AL., Respondents.

June 28, 1881.

Where partnership property is assigned by one partner for the payment of his individual debts, and is by the assignee placed with an auctioneer for sale, a firm creditor who has obtained judgment against the other partner cannot maintain garnishment against the auctioneer.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

W. H. H. RUSSELL and MYERS & ARNSTEIN, for the appellants : The transfer of partnership assets by one partner, without the consent of his co-partner to pay a private or individual debt, or for the benefit of his individual creditors, is a fraud upon his co-partner and the firm creditors ; and the co-partnership creditors can protect themselves in an action at law, by attachment of the property under a process of garnishment. — *Johnson* v. *Hersey,* 10 Reporter, 401 ; *Rogers* v. *Batchelor,* 12 Pet. 221 ; *Hoxie* v. *Carr,* 1 Sumn. 181 ; *Kelly* v. *Greenleaf,* 3 Story, 93 ; Story on Part., sect. 360.* The lien of the partners, by operation of law, is transferred to the attaching creditor, and there need be no resort to equity. — *Hucker* v. *Johnson,* 66 Me. 21 ; *Perker* v. *Wright,* 66 Me. 393. In the distribution of assets of partners, when in bankruptcy or insolvency, the joint or firm creditors have primary claim upon the firm assets ; and so in cases of general assignment for the benefit of creditors. — *Wilson* v. *Robertson,* 21 N. Y. 587 ; *Merrill* v. *Wilson,* 29 Me. 58 ; *Howe* v. *Lawrence,* 9 Cush. 553 ; *Caldwell* v. *Scott,* 54 N. H. 414 ; *Arnold* v. *Brown,* 24 Pick. 89 ; *York* v. *Lewis,* 124 Mass. 1 ; *Wells* v. *Marsh,* 30 N. Y. 344 ; *Calkins* v. *Smith,* 48 N. Y. 614. In conclusion we say that the good faith of any conveyance by a debtor may be tested by the process of garnishment against the garnishee without a direct proceeding in equity. — *Lackland* v. *Garesché,* 56 Mo. 267 ; *Eyerman* v. *Krieckhaus,* 7 Mo. App. 455 ; Drake on Attach., sect. 548 ; *Lamb* v. *Stone,* 11 Pick. 527.

B. R. DAVENPORT, for the respondents : An agent of a third party who is the debtor of the execution debtor, is not subject to garnishment. — 42 Mo. 96 ; 6 N. H. 166 ; Drake on Attach., sect. 487. A creditor of one partner cannot garnish a debt due the firm of which that partner is a member. — 13 Mass. 150 ; 11 Ohio, 223 ; 2 Johns.

214; Pars. on Part. 107, and notes; 38 Mo. 545; 21 Mo. 30; 44 Mo. 85; Drake on Attach., sect. 672; 2 Conn. 514; 14 Mo. 465; 62 Mo. 23; Chitty's Pl. 8, 11. Garnishment is strictly a legal remedy, and courts of law cannot call in equitable powers to aid garnishment proceedings. — 14 Mo. 495; 62 Mo. 24; 56 Mo. 267. Individual partners and their creditors have no right to the assets of the firm until all firm debts are satisfied. — 1 Gall. 367; 62 Mo. 24; Pars. on Part. (3rd ed.), 353, and note. A debt to be subject to garnishment must be free from liens and trusts. — 37 Mo. 520; 38 Mo. 545; 62 Mo. 23; 56 Mo. 267. Strangers are never permitted to prove fraud. — 48 Mo. 396. To divest a party of title, a superior title must be shown. — 62 Mo. 23.

THOMPSON, J., delivered the opinion of the court.

The question we have to consider in this case arises on a demurrer to an interplea of the plaintiffs. The facts admitted by the demurrer, so far as necessary to be stated, are these: The partnership firm of Eugene Papin & Co. were indebted to the plaintiffs upon certain promissory notes given by the firm for goods sold and delivered to the firm by the plaintiffs. The firm consisted of two partners, Eugene Papin and Edward A. Bolmes. The plaintiffs recovered judgment upon these notes against Bolmes only for a part of this indebtedness. Papin, in the meantime, had assigned the partnership assets, by his individual deed, to Davenport, for the purpose of paying his individual debts, and in fraud of the partnership creditors. The plaintiffs obtained execution upon their judgment against Bolmes and summoned Block, Tyler & Co., as garnishees. The latter were auctioneers, whom Davenport had employed to sell the property which Papin had assigned to him. Davenport had advertised the property for sale as the property of Eugene Papin & Co., and the auctioneers had so entered it upon their books. Block, Tyler & Co. au-

swered as garnishees and retained in their hands, subject to the order of the court, a sufficient sum of money to satisfy the plaintiffs' judgment. The partnership firm had not been dissolved, and Bolmes had not assigned any of his interest in the partnership estate to Papin.

Now, what is the question here presented? It is simply this : Whether a judgment creditor of one partner can take out an execution upon his judgment and levy upon property in the hands of an assignee of another partner by summoning an agent of the latter as garnishee. This cannot be done. It is well settled that in a proceeding by garnishment, the creditor can claim no higher rights against the garnishee than the debtor could claim against him. The only question which can arise in such a proceeding is, whether the relation between the defendant in the execution and the garnishee is such that the former could maintain an action against the latter to recover money or property ; in other words, whether the relation of debtor and creditor, or that of bailor and bailee, exists between them. *McPherson* v. *Railroad Co.*, 66 Mo. 103 ; *Scales* v. *Hotel Co.*, 37 Mo. 524 ; *Firebaugh* v *Stone*, 36 Mo. 114 ; *Weil* v. *Tyler*, 38 Mo. 545. The only exception which has been made to this rule in this State, so far as we know, is the case where chattels have been fraudulently conveyed by a debtor to a third person. The process of garnishment will extend to subjecting all chattels to the demand of an attaching creditor (*Lee* v. *Tabor*, 8 Mo. 322 ; recognized in *Lackland* v. *Garesché*, 56 Mo. 267), or of a judgment creditor (*Eyerman* v. *Krieckhaus*, 7 Mo. App. 455). But the possession of money belonging *jointly* to the principal defendant and another person is not sufficient to charge one as garnishee. *French* v. *Rogers*, 16 N. H. 177.

There is another difficulty in the plaintiffs' way. It was held by the Supreme Court in *Pratte* v. *Scott*, 19 Mo. 625, that an auctioneer having in his possession goods consigned to him for sale, is not liable to garnishment on execution

as debtor to the owner, because the relation of debtor and creditor does not subsist between them. Whether this rule would hold under our present statute we need not consider, because it is clear that Bolmes could not, in the present case, maintain an action against Block, Tyler & Co., to recover the fund in their hands.

As Bolmes, then, could not maintain such an action against Block, Tyler & Co., neither can the plaintiffs, as judgment creditors of Bolmes, subject that fund to the satisfaction of their judgment by the process of garnishment. To give this effect to a proceeding by garnishment would be to convert it into a bill in equity for the dual purpose of setting aside a fraudulent conveyance and of winding up a partnership estate and stating an account between the partners.

The judgment of the Circuit Court is affirmed. All the judges concur.