R. S. BIRTWHISTLE, Respondent, v. C. B. WOODWARD, Garnishee, Appellant.

### April 7, 1885.

GARNISHMENT—PARTNERSHIP INTERESTS—ACTIONS.—A partnership interest in firm property can not be reached by garnishment on execution.

APPEAL from the St. Louis Circuit Court, LUBKE, J. *Reversed and judgment.*

JAMES S. GARLAND and M. F. WATTS, for the appellant: A partner's interest can not be reached by garnishment.—*Fenton* v. *Block*, 10 Mo. App. 536.

E. P. JOHNSON, for the respondent: Where property has been fradulently conveyed, garnishment by a creditor, is a proper remedy to reach it.—*Lackland* v. *Garesche*, 56 Mo. 367; *Potter* v. *Stevens*, 40 Mo. 591; *Armstrong* v. *Tuttle*, 34 Mo. 432; *St. Louis Brokerage Co.* v. *Cronin*, 14 Mo. App. 587.

THOMPSON, J., delivered the opinion of the court.

It is not necessary to state the facts of this case at any length, because we regret to find at the outset that the

plaintiff has mistaken her remedy. She filed a bill for a divorce against her husband, asking for alimony, stating that he was a partner with Charles B. Woodward in a certain business in St. Louis; that he was about to sell out his interest in the partnership property to defraud her of her alimony, and asking for an injunction to restrain him from so doing. Pending the suit the defendant therein sold out to his partner, Woodward, his interest in the partnership assets for $6000, which Woodward paid to him in cash. Afterwards, the plaintiff obtained a judgment against him for a divorce, for alimony, and for an injunction against the transfer of his property in accordance with the prayer of the petition. She sued out an execution under an order awarding her alimony *pendente lite* and counsel fees, which had been made to her, and summoned Woodward as garnishee. He answered; his answer was denied; an issue was made on the denial, which was tried by a jury, resulting in a verdict and judgment for the plaintiff against him as garnishee, from which he prosecutes this appeal.

We must hold on the authority of *Fenton* v. *Block* (10 Mo. App. 536), that the proceeding by garnishment will not lie in such a case. It is not questioned that a judgment creditor may proceed by garnishment, even where there has been a fraudulent conveyance by the judgment debtor to the garnishee, as this court lately held in the case of *St. Louis Brokerage Co.* v. *Cronin* (14 Mo. App. 586). But this proceeds upon the idea that the fraudulent conveyance is merely void as to a judgment creditor of the vendor or grantor; that the case stands just as though it had not been made, except that the fraudulent transferee occupies the position of a bailee or trustee of the property of the transferor. But the proceeding by garnishment is, nevertheless, a legal proceeding; and, as we held in the case of *Fenton* v. *Block* (*supra*), it cannot be resorted to where, in addition to setting aside a fraudulent conveyance, it is necessary to take and state a partnership account. That is this case, and, in this respect, this case is exactly like that case. The position

of the learned counsel for plaintiff, that either partner may, after the dissolution, sue the other partner at law for the balance due upon a partnership settlement, is not controverted, provided there has been such a settlement. But that argument proves too much for this case, because it proceeds upon the idea that there has been a valid partnership settlement, and that is exactly what the plaintiff controverts in her denial of the garnishee's answer. She does not claim any balance due from Woodward to her late husband upon a valid partnership settlement which had been made. She claims that the conveyance of her husband's interest to Woodward pending the suit, after Woodward had actual notice of the suit, and after a temporary restraining order had actually issued, was made subject to her rights, that is, as against her it was fraudulent and void. That may be. We do not feel called upon to decide whether it was or not, because that question does not arise in this proceeding. As the settlement was perfectly valid between Woodward and Birtwhistle, even if invalid as to the creditors of the latter, it necessarily follows that the partnership between Woodward and Birtwhistle has been dissolved. If, however, it should appear that the transfer from Birtwhistle to Woodward was made in fraud of the plaintiff as a creditor of Birtwhistle, then the plaintiff, notwithstanding such transfer and dissolution, would still retain the legal right to subject the interest of Birtwhistle in the partnership property at the date of the alleged fraudulent transfer, to her claim. But this would require the taking and stating of an account between the partners. It can not therefore be done upon an issue in a garnishment proceeding, which is tried by a jury.

It is evident from the foregoing that the plaintiff has mistaken her remedy, and cannot succeed in this proceeding. The judgment therefore must be reversed and the garnishment proceeding dismissed.