STATE OF MISSOURI, Respondent, v. JOSEPH G. FAYETTE, Appellant.

May 5, 1885.

1.   CRIMINAL LAW—INFORMATION.—A criminal information for selling

an oleaginous imitation of butter must state that it was sold as an article of food.

·2. Practice—Motion in arrest.—Errors which appear on the face of the record proper will be reviewed on appeal in a criminal action, without a motion in arrest having been filed.

Appeal from the St. Louis Court of Criminal Correction, Noonan, J.

*Reversed and the defendant discharged.*

J. G. Lodge, for the appellant.

J. R. Claiborne and Johnson & Roeder, for the respondent.

Thompson, J., delivered the opinion of the court.

The defendant was prosecuted by information for selling an oleaginous imitation of butter, under the act of March 24, 1881.—Laws 1881, p. 120. This statute reads as follows : "Whoever manufactures out of any oleaginous substances, or any compound of the same, other than that produced from unadulterated milk, or cream from the same, any article designed to take the place of butter or cheese, produced from pure, unadulterated milk, or cream of the same ; or whoever shall sell, or offer for sale, the same as an article of food, shall, on conviction thereof, be confined in the county jail not exceeding one year, or fined not exceeding one thousand dollars, or both."

The information charged the offence in the following language : "That Joseph G. Fayette, in the city of St. Louis, on the 28th day of February, 1884, did unlawfully and wilfully offer for sale, and did sell, two pounds of lardine, said lardine being then and there composed of oleaginous substances, and said oleaginous substances then and there being other than those produced from unadulterated milk or cream from the same, and then and there being designed to take the place of butter, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state."

We are of the opinion that the information does not state an offense under the statute. It is perceived that

the statute denounces two offences: 1. Manufacturing out of any oleaginous substance, or any compound of the same, other than that produced from unadulterated milk, any article designed to take the place of butter or cheese produced from pure unadulterated milk or cream of the same; 2. Selling or offering for sale the same ( i. e., a substance manufactured as stated in the preceding clause) as an article of food. Manifestly, it is sufficient, in stating the first offence denounced by the statute, to charge in addition to the other elements of the statute, that the article was designed to take the place of butter or cheese, etc. But, in order to make out the offence of *selling* the prohibited article, an additional element is prescribed by the statute. The article must not only be such an article as is described in the preceding subdivision of the statute, manufactured as there stated, and designed to take the place of butter or cheese, as there stated, but it must also be sold or offered for sale *as an article of food*. This information does not charge that the defendant sold or offered for sale the prohibited substance as an article of food, although it does charge that it was designed to take the place of butter, etc. Consistently with the charge made in this information, it might have been designed by its manufacturer to take the place of butter, etc., within the meaning of the first subdivision of the statute, and yet it might have been sold by the defendant as wagon grease, or for uses other than human food, just as rancid butter is known to be frequently sold.

It is not necessary to enlarge upon this, because it cannot be made plainer by argument. An information or indictment for an offence created by a statute must either charge the offence in the language of the statute or by the use of equivalent words, unless the statute itself prescribes what description of the offence shall be sufficient. This information does neither, and the statute contains no provision authorizing any other description of the offence than that furnished by the statute itself.

There was no motion in arrest of judgment; but that

is not necessary in criminal cases in order to bring to the attention of the appellate court errors which appear on the face of the record.—*State* v. *Van Matre*, 49 Mo. 268 ; *State* v. *Connell*, 49 Mo. 282 ; *State* v. *Marshall*, 36 Mo. 401.

The judgment will be reversed and the defendant discharged.   All the judges concur.