J. A. FOSTER ET AL., Respondents, v. C. WULFING, Appellant.

**St. Luois Court of Appeals, December 22, 1885.**

1. MECHANIC'S LIEN—SUB-CONTRACTOR—PARTIES TO ACTION.—In an action to enforce a mechanic's lien by a sub-contractor against the contractor and the owner the non-joinder of other original contractors is not sufficient ground for sustaining a plea in abatement, one contractor having been made a party defendant.

2. ———— STATEMENT OF LIEN.—The statement of lien required to be filed in the office of the circuit court clerk must contain a true account which furnishes its own explanation without reference to other papers or contracts.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and remanded.*

LEO RASSIEUR and DEXTER TIFFANY, for the appellant: The court erred in submitting the case to the jury without first making Hayden a party defendant. Hayden was one of the joint contractors and defendant, Wulfing, had a right to have him joined as a defendant,

so that a personal judgment might be had against him and execution returned before the lien could be enforced against the property; this request was properly in the answer. *Putnam v. Ross*, 55 Mo. 116; *Horstkotte v. Menier*, 50 Mo. 158. The account filed is not such an account as the statute requires; there are no items whatever, either as to amount of labor or its value, or amount of materials, such as stock brick, common brick, or paving brick, etc., or their respective values. *Codling v. Nast*, 8 Mo. App. 573; *Lowis v. Cutter*, 6 *Id.* 55; *Cole v. Barron*, 8 *Id.* 511; *Heinrich v. Cardt*, 8 *Id.* 588; *Kling v. R. Constr. Co.*, 7 *Id.* 410.

H. D. LAUGHLIN and M. F. TAYLOR, for the respondents: An itemized account is not necessary where a lump contract is made directly with the owner of the property, and when not made directly with the owner of the property, but he is aware of the terms of such contract, and assents to them, the legal conclusion is the same. *Nelson v. Withrow*, 14 Mo. App. 277; *Louis v. Cutter*, 6 *Id.* 55; *Kling v. R. Constr. Co.*, 7 *Id.* 410; *Hilliker v. Francisco*, 65 Mo. 603.

ROMBAUER, J., delivered the opinion of the court.

This is an action by sub-contractors against the principal contractors and the owner of the property, seeking a general judgment against the former and a judgment of lien against the latter's property. Upon the trial below there was a verdict and judgment against the contractors for $1,299.54, and a judgment against the property for $1,274.16. To reverse this judgment the owner appeals.

Several points are made by the appellant, which have been passed on by this court adversely to him in the case of *Hayden v. Wulfing* (19 Mo. App. 353); but as this case presents them in a different view, and as they are of practical importance to the profession, we will briefly review them for the purpose of stating our conclusions in a concise form.

There are two sections in the mechanics' lien law, which contemplate necessary parties to a proceeding under the statute. The one is section 3180, which provides that "the parties to the contract shall, and all other persons interested in the matter in controversy, or in the property charged with the lien, may, be made parties;" the other is section 3191, which makes it the duty of contractors to defend actions brought upon a lien by sub-contractors.

When section 3180 speaks of parties to the contract, it refers to parties to that contract which is the subject matter of inquiry, and as between whom a personal judgment is to be rendered. Thus, to an action brought by a sub-contractor or material man against the contractor and the property, the contractor is a necessary party, because the statute does contemplate a personal judgment against some one, and such judgment is only possible if parties to the contract are parties to the action. But even in that case the statute is satisfied if one of several joint contractors is made a party defendant, because, as all contracts in this state, though joint at common law, are joint and several, a personal judgment may be rendered against the contractor, although his co-contractor is not joined with him as defendant. This point was so decided in *Putnam v. Ross* (55 Mo. 116), and *Hassett v. Rust* (64 Mo. 325, 327), and is no longer open for discussion.

Section 3191 does not speak of the parties to the action at all, but since it provides that it shall be the duty of the contractor to defend the action, the supreme court held in *Horstkotte v. Menier* (50 Mo. 159), that the original contractor ought to be made a party defendant, in compliance with the provisions of this section, in order that his own rights, as well as the rights of the owner of the property, may be fully protected.

Under our decisions, therefore, it is not essential to the validity of the lien judgment that all the original contractors shall be made parties defendant to the suit.

In this case the appellant sets up in his answer that

one Thomas F. Hayden, not joined as a defendant in this suit, was one of the original contractors with the owner, and by his contract agreed to protect the defendant from mechanics' liens, and he pleads the fact of the non-joinder of Hayden in abatement. That fact is not pleadable in abatement under any circumstances. It appeared in evidence that Hayden was surety for the original contractors, and agreed to protect the defendant against the liens of mechanics. If the defendant desired to bind Hayden by the result of the present action, his proper course was to request the court to have him made a party defendant, and if the court, in the exercise of its decretion, failed to comply with such request, then to notify Hayden of the pendency of the suit and request him to defend against it. He has done neither.

Hence it follows that the error assigned by the defendant, that the lien judgment must fail because Hayden was not made a party defendant, is not well assigned in any view of the case.

The next error assigned is, that the petition fails to state that the suit was instituted within ninety days after filing of the account, and that this fact although not stated was submitted to the jury for their finding by instruction. It is not apparent why the court submitted this fact to the jury to find, since it appeared by the records of the court that the lien was filed on the twentieth of October, 1884, and that the suit was instituted on the fifteenth of November, 1884, yet it is inconceivable how the defendant could have been prejudiced because the jury found a fact to be true which was conclusively established against him by the unchallenged records of the court. As we have already decided in *Hayden v. Wulfing, supra,* that it was not necessary to allege in the petition that the suit was instituted within ninety days after the filing of the account, it is needless to reiterate our views on that subject. It results that this second objection is likewise untenable.

The only serious question arises on the third error assigned, which is, that the statement filed by the

plaintiffs, as and for a lien in the clerk's office, was not in compliance with the requirements of the statute which requires a just and true account to be filed.

The statement as far as it bears on this point is as follows :

"ST. LOUIS, October 1, 1884.

"*Messrs. A. J. Cramer & Co. to John A. Foster & Son*, Dr.

"From July 1, to September 15, 1884.

To laying the brick and furnishing materials and brick, for one two story brick building containing four tenements known as number 1936, 1938, 1940, and 1942 Papin street, in the city of St. Louis, as per contract............ $3,275

July 26, by cash............................... 1,500

August 9, by cash............................... 500

Balance.....................................$1,275"

It appears by the contract between the main contractors and the defendant, that the contractors agreed to erect the entire structure for a lumping charge of $11,550. No price was put by that contract on the brick work as separated from the residue of the work. The words, as per contract, in the above statement, therefore, necessarily refer to the contract between the sub-contractors and contractors, and not to the contract between the contractors and owner.

That a statement, purporting to contain an account, which does not furnish its own explanation but refers to another paper for information, will not satisfy the statutory requirements, has been decided in *Lowis v. Cutter* (6 Mo. App. 54). There, the following statement : "To painting, glazing, graining, and varnishing as per proposition and agreement, $354.50," was held insufficient. That case is almost identical in its facts with this, the conclusions there drawn rest upon satisfactory reasoning, and have been since repeatedly affirmed (*Kling v. R. Constr. Co.*, 7 Mo. App. 411; *Codling v. Nast*, 8 Mo. App. 573), and such is the ruling in other states under

similar statutes. *Russell v. Bell*, 44 Pa. St. 47 ; *Lee v. Burke*, 66 Pa. 336 ; Phil. Mech. Liens, 489.

The case of *Hilliker v Francisco* (65 Mo. 598, 603), is not opposed to this view. The court sustained the lien there, although the suit was prosecuted by a sub-contractor, and one of the items in the account was for a lumping charge, but its ruling is expressly put upon the ground that there was evidence tending to show, not only that the owner was apprised of the terms of the contract between the contractors and the plaintiff, but, also, that he had agreed with the contractors to the sum of $7,000 as compensation to the plaintiff for the labor and material mentioned in the lumping charge. As the owner had agreed with the contractor that the sub-contractor should be paid a certain amount for a certain item of work, it was held sufficient that the account mentioned the item of work, accompanied with a lumping charge.

The facts here are essentially different. In no view of the testimony can we discover any evidence in the record that the owner had anything to do with the contract between the contractors and sub-contractors. He paid the contractors' orders upon him in favor of the sub-contractors, because the original contract provided that he should do so while there was money in his hands. The owner's superintendent directed what work should be done by the bricklayers, because he was in charge of the construction of the work, and authorized to treat sub-contractors as performing the work which the original contract called for ; and that was all.

While the recent decisions in this state all hold that the mechanics' lien law should be liberally construed, so as to secure its beneficent objects, none has gone to the extent of frittering away the protection which the law secures to the owner, in requiring a compliance with the pre-requisite conditions of the statute. One of these provisions is the filing of a just and true account in the clerk's office. The statement filed in this case did not comply with that requisite and it was the duty of the trial court to instruct the jury, that under the pleadings and evidence the plaintiffs were not entitled to a lien.

In conformity with these views, and the provisions of section 3776, Revised Statutes, so much of the judgment of the trial court as subjects the defendant's property to the mechanic's lien of the plaintiffs is reversed, and the residue of said judgment is affirmed. All the judges concur.

LEWIS, P. J., delivered the opinion of the court on motion for re-hearing.

The motion for a re-hearing is overruled with the concurrence of all the judges. The judgment of this court heretofore entered will be so modified that the judgment of the circuit court will be reversed, and the cause remanded for further proceedings in accordance with the opinion heretofore filed. In this order Judge Thompson concurs. Judge Rombauer dissents.

ROMBAUER, J., dissenting.

Few things are more essential to the just administration of law than an adherence on the part of its judges to the principle that fixed rules and not individual opinions of propriety should determine the judgment in any given case. It makes no difference in the application of this principle whether the power to be exercised is discretionary, because a judicial discretion must also be dependent on certain fixed rules, and is not synonymous with the arbitrary will of the judge, dependent on the changing mood of the man.

The law provides that this court "in appeals or writs of error shall examine the record and award a new trial, reverse or affirm the decision of the circuit court, or give such judgment as such court ought to have given as to them shall seem agreeable to law." Revised Statutes, section 3776.

The duty of this court in the premises is imperative. The word used is "shall."

As was pertinently said in the opinion of this court by Thompson, J., in *Ellison v. Ralston* (19 Mo. App.

537 ) : "In the construction of statutes there is a well known rule, that the word 'may' is often made to read 'shall,' where substantial rights are involved ; but we know of no rule by which the word ' shall,' in a statute creating a distinct right in favor of a party, can be changed by a judicial interpretation to read ' may,' so as to fritter away the right and make it a mere matter of judicial caprice."

Whatever construction may have been put upon section 3776, *supra*, by this court formerly, it was certainly not construed within the year next preceding, otherwise than as imposing upon this court an imperative duty, and I know of no instance where its mandate was disregarded.

In *Andrews v. St. Louis Tunnel Railroad Co.* (16 Mo. App. 299), a case almost identical with this, this court originally made a judgment reversing the judgment of lien rendered by the lower court, and entered here a judgment for the debt. Upon strenuous efforts made by able counsel for the appellants, upon a motion for modification of that judgment, the entire judgment was reversed and the cause remanded, but upon a full examination of the whole question, the court receded from the last order and adhered to its original judgment.

From that time on till the present its course has been uniform and in harmony with the rule, which I have always consided as the true rule, that where the evidence preserved in the transcript of the record admits only of one conclusion, it is the duty of this court to give effect to such conclusion by judgment, as such course alone can be agreeable to law.

In the following cases the rule has found application and has been announced in one form or another by this court within the preceding year ; *Priest v. Lawrence*, 16 Mo. App. 409 ; *Dwyer v. Dwyer*, 16 Mo. App. 422 ; *Rhodes v. Farish*, 16 Mo. App. 430 ; *Leary v. People's Railroad Co.*, 16 Mo. App. 561 ; *Pfau v. Breitenburger*, 17 Mo. App. 20 ; *The State v. Sellner*, 17 Mo. App. 39 ; *The State v. Bruner*, 17 Mo. App. 274 ; *Birtwhistle v. Wood-*

*ward*, 17 Mo. App. 277; *Tobin v. McCann*, 17 Mo. App. 481; *Thompson v. Bronson*, 17 Mo. App. 456; *The State v. Fuchs*, 17 Mo. App. 458; *The State v. Fayette*, 17 Mo. App. 587; *Rubleman v. Greve*, 18 Mo. App. 6; *Hollander v. Kœtter, ante*, p. 79; *McQuoid v. Lamb*, 19 Mo. App. 152; *Meyer v. Mehrhoff*, 19 Mo. App. 68; *Russell v. O'Laughlin, ante*, p. 59; *Duryee v. Turner, ante*, p. 34; *McLaughlin v. Concordia College, ante*, p. 42.

In several of these cases I was inclined to the opinion that substantial justice might be subserved by a re-trial of the cause, but yielded to the persuasive and seemingly conclusive argument of my associates, that the parties have had their day in court; that upon all the evidence they were entitled to no other judgment than the one about to be rendered; and that it was not the policy of the law that litigation should be protracted, or that causes should needlessly be sent for re-trial with an inducement for amended swearing.

It has never been held that parties are entitled to a new trial simply because on a re-trial of the cause they might succeed in making a better case. Even where new trials are granted on the ground of newly discovered evidence the party claiming the re-trial must affimatively show that it was not in his power to produce it at the former trial. Why should such new trial be granted in this instance?

There is no controversy about the facts determining the rights of the parties. No evidence offered by the plaintiffs has been wrongfully excluded by the court below. The plaintiffs have had a full and fair trial. We all concur that upon the facts shown the defendant owner is entitled to a judgment, and that the plaintiffs are entitled to a judgment against the defendant contractor. We have rendered such judgment. To change it now and remand the cause for new trial would not only do away with a salutary rule which we have taken pains to follow in a number of cases, but to do away with it, as it seems to me, for no substantial or apparent reason, but as "a mere matter of judicial caprice."

Led by these considerations I can not concur in the opinion of the majority of the court, as far as the same contemplates a modification of the judgment heretofore rendered by this court.