C. C. WHITMEYER *et al.*, Respondents, v. LOUISA J. DART, Appellant.

Kansas City Court of Appeals, March 19, 1888.

1. PRACTICE—CONFLICTING EVIDENCE IF SUFFICIENT TO SUPPORT VERDICT.—Where the evidence is conflicting, as in this case, but is sufficient to support the verdict, this court will not disturb the verdict.

2. MECHANIC'S LIEN—SUIT UPON—PARTIES—SECTION 3180, REVISED STATUTES, CONSTRUED—CASE ADJUDGED.—Section 3180, Revised Statutes, has no application to such a case as this, where the owner of the premises has purchased the materials in suit. The "parties" referred to by that section are the "parties to that contract which is the subject-matter of inquiry, and as between whom a personal judgment is to be rendered." (*Foster v. Wulfing*, 20 Mo. App. 87).

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

The case is stated in the opinion.

BROWN, CHAPMAN & BROWN, for the appellant.

I. Before any suit can be maintained for a lien, Stevens, the contractor, should have been made a party defendant. The contract is that he, Stevens, should furnish all the materials, and do all work which might be necessary for the completion of the house. Rev. Stat., sec. 3180.

II. The evidence in this case does not establish the relation of principal and agent between defendant and Stevens, especially when taken in connection with the contract. The evidence shows that Stevens went to plaintiffs' place of business and purchased this material; that defendant did not see plaintiffs nor any one of their numerous employes; nor did she visit their place of business until some time in January, 1886, and then she

went to ascertain the amount of the bill for material. Stevens had agreed to furnish these bills, but had not done so. It is a remarkable coincidence that plaintiffs and their whole clerical force happened to be in the office at this particular moment, and they swear with wonderful unanimity, that after the defendant had been informed the amount of the bill, she said she would call and pay at least a part of it the next week. The evidence shows that she did not call the next week, and when one of plaintiffs called at her house she refused to pay, and then told plaintiffs that Stevens was to bring in all bills and she wanted to see what there was of them before she paid any. The evidence fails to show that this particular plaintiff then and there reminded her of her next week promise, but for some reason he seems to have failed to do so. We have a suspicion that no such promise was made, and that this is the reason why defendant's attention was not at that time called to it. The evidence shows that when Stevens contracted for this material, no questions were asked as to any contract between him and defendant. It seems to have been understood that the lumber was to be used in the defendant's house, but no further inquiry was made. We will quote from the evidence of plaintiff, Conelly, upon this phase of the case. On cross-examination Conelly was asked: Q. "You took no pains to ask about any written contract, did you? A. No, sir. I did not. Very frequently we furnish lumber in that way. Mechanics come in and order the lumber for other parties; as a matter of course we look to the proprietor of the building for the payment." The above question and answer is the whole of plaintiffs' case. Stevens went there for lumber, and it was charged to defendant as a matter of course, without question or inquiry.

G. F. PUTNAM and C. S. McLANE, for the respondents.

I. This case involves a question of agency. That was the question before the court below, and the finding

of that court being for the plaintiffs was of necessity a decision that Levi Stevens, in dealing with the plaintiffs, acted in the capacity of agent for defendant, and a decision of all questions of fact pertaining to the case. The reasons assigned by defendant in her motion for a new trial were: (1) That the judgment of the court is against the evidence presented at the trial. (2) That the judgment was against the weight of evidence. (3) That the judgment is against the law. The questions at issue in the circuit court were mostly questions of fact and wholly within the province of that court to decide, and the decision of that court can only be set aside by substantiating one or more of the reasons alleged by defendant in her motion for a new trial, or for erroneous conclusions of law.

II. The principal question raised by defendant's appeal is one of fact. The point at issue is on the variance of testimony of plaintiffs and their bookkeeper and the defendant as to what conversation took place in plaintiffs' office when defendant called there in January, 1886. This was the question decided by the circuit court, and the decision of this is what defendant now asks to have set aside, on the ground that it is against the evidence and against the weight of evidence. The evidence of both Whitmeyer and Conley and F. W. Emery, their bookkeeper, was that Miss Dart, the defendant, came into the plaintiffs' office about January 1, 1886, and gave her name, and said she had a bill there and wanted to know the amount of it, and that the bookkeeper looked on the books and told her, and she said she would be in the next week and pay it or a part of it. Defendant says she did not give her name, but asked for the bill of lumber delivered on Tracy avenue, and asked the bookkeeper if he was sure he had given her the right amount, and he said he had, and that she did not promise to pay the bill the next week. In this statement she is unsupported and her conduct renders it exceedingly improbable. However, the defendant admits that Stevens told her that the plaintiffs would

furnish the lumber and building materials cheaper than any one else, and that she told him to get it of them. If she did not expect to pay for it, why did Stevens go to her with estimates, and why did she tell him where to get the lumber?

III.   The contract between defendant and Stevens is set up as a defence to this suit, and the only possible bearing it can have in any way is favorable to the plaintiffs.   It says:   "All bills for material are to be presented as soon as possible to Miss Dart, so she may know as near as can be ascertained what all the materials will cost.   Miss Dart is to pay all material bills and deduct same from the eight hundred dollars contract price." This contract was evidently intended to be so drawn that Miss Dart should have the control of her pocketbook all of the time and shut out Stevens if necessary.   She expressly retained in her own hands the exclusive right to pay all material bills, thereby establishing the fact that her construction of the contract was that she alone was the person liable to pay them, or who had anything whatever to say about them.

IV.   The position taken by defendant, that this action cannot be maintained because Stevens was not made a party, is untenable.   It was not brought to enforce any claim under any contract for building the house in question, but for goods sold directly to defendant, and it was not necessary to join any of her employes, nor would it have been proper to have done so.   The lien sought to be enforced against the defendant for goods sold to her is clearly within the provisions of the statute, which does not require any other person to be joined in cases of this kind.

HALL, J.—This suit was brought to enforce a mechanic's lien for materials sold by the plaintiffs to the defendant, and used in repairing and adding to a house on the latter's premises.   The work was done by one Stevens under a written contract with the defendant. The case turned on the question as to whether Stevens

purchased the materials in suit for the defendant as her agent. The evidence was very conflicting upon this question. The defendant's counsel make the point that there was not sufficient evidence to support the verdict in favor of the plaintiffs. Without reviewing the evidence we deem it sufficient to repeat that it was conflicting, and to say that it was sufficient to support the verdict. Since the materials were purchased by the defendant, Stevens was not a necessary party to this suit. Section 3180, Revised Statutes, has no application to such a case as this, where the owner of the premises has purchased the materials in suit. That section provides, "that the parties to the contract *shall*, and all other persons interested in the controversy, or in the property charged with the lien, *may*, be made parties." The parties to the contract referred to are the "parties to that contract which is the subject-matter of inquiry, and as between whom a personal judgment is to be rendered." *Foster v. Wulfing*, 20 Mo. App. 87.

Judgment affirmed. All concur.