JOHN W. MCWILLIAMS *et al.*, Plaintiffs in Error, *v.* DAVID ALLAN, Defendant in Error.

1. *Mechanics' lien—Statement of the balance due the plaintiff, without detailed statement of credits, etc., insufficient.* — The term "account," as used in the mechanics' lien law, means a detailed statement of mutual demands in the matter of debit and credit, arising out of a contract, or some fiduciary relation between parties; and a statement filed in a mechanics' lien suit which does not show even the aggregate of the different items, or the aggregate of the credits on account of the work, but simply sets down, in a round sum, what the plaintiffs claim as the balance due them, is insufficient.

*Error to St. Louis Circuit Court.*

*S. M. Breckinridge* and *J. H. Clark*, for plaintiffs in error.

*Lackland, Martin & Lackland*, for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

The plaintiffs filed with the clerk of the Circuit Court of St. Louis county their papers for a mechanics' lien, therein stating their claim thus:

" DAVID ALLAN, Jr., to McWILLIAMS & HARDY, Dr.

" To balance due on account of building two-story cottage of brick, on lot of ground fronting on Jones street and Cook avenue, in the city of St. Louis, and on erecting fence around said lot, $503."

This suit is brought to enforce the lien thus sought to be created. At the trial, the plaintiffs offered in evidence the lien papers, to which the defendant objected on the ground that they failed to show that the plaintiffs filed therewith a "just and true account of the demand due them, after all just credits had been given," as the law requires. (Gen. Stat. 1865, p. 766–95.) The plaintiffs, as the papers show, filed a claim for a balance merely, without stating the antecedent elements of the demand which produced the supposed result. Is that sufficient? Is it such an "account" as the Legislature intended to secure? That is the question which the case presents for decision.

There is a broad distinction between an account and the mere balance of an account—resembling the distinction in logic between the premises of an argument and the conclusions drawn therefrom. A balance is but the conclusion or result of the debit and credit sides of an account. It implies mutual dealings, and the existence of debt and credit, without which there could be no balance. What the Legislature evidently intended was that the lienor should exhibit his demand fully, giving debt and credit where the two elements existed in the lien claim, and thereby show the balance sought to be imposed as a lien. In other words, it was intended that the lienor should file an account, and not the mere result, balance, or conclusion of an account.

An account is defined to be a detailed statement of mutual demands in the matter of debt and credit between parties, arising out of contract, or some fiduciary relation. (Whitewell, 2; Willard, 1; Metc. 216; Bouv. L. D. The definition is an

accurate one, and expresses the sense in which the term is used in the mechanics' lien law, and also the sense in which the word is current in business affairs.

It appears from the record that the plaintiffs erected a house for the defendant, under a written contract; that the contract price of the erection was $5,448; and that a fence was built on the premises as an extra job, or job not included in the contract. The claim filed as the foundation of the lien, however, does not show even the aggregate of either of these items, or the aggregate of credits on account of the work, but simply sets down, in a round sum, what the plaintiffs claim as the balance due them. If that is sufficient in this case, it must be held sufficient in all cases, producing a result most manifestly not anticipated by the Legislature.

When it is proposed to embarrass real estate with the encumbrance of a lien, it is no hardship to require of the lienors a statement of their demand, sufficiently precise and full to acquaint the owners and all interested parties with its nature and extent, with a specification of debt and credit. This was clearly the intent of the law giving the lien; and the provision is wholesome, and must be respected and carried out.

With the concurrence of the other judges, the judgment will be affirmed.