JOSHUA LOWIS, Respondent, *v.* W. H. CUTTER ET AL., Appellants.

May 14, 1878.

1. It is not the contract, but the account, which shows the lien-claim under the Mechanic's Lien Act; and an account which refers to the contract for items and particulars of the work is not a sufficient compliance with the statute.

2. In an action to enforce a mechanic's lien by a subcontractor, where the claimants are wrongly named, and the account does not set out the items, and varies from the paper offered on trial to prove the lien, the subcontractor is not entitled to a special judgment.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

G. M. STEWART, for appellants: The subcontractor who asserts a lien-claim will be required, at the institution of his claim, to furnish every facility for investigating. — *Russell* v. *Bell*, 44 Pa. St. 47; *McWilliams* v. *Allan*, 45 Mo. 573; *Graves* v. *Pierce*, 53 Mo. 423; *Lee* v. *Burke*, 66 Pa. St. 336. The account must show the items. — *Atkins* v. *Settle*, 17 Minn. 353. Variance. — *Van Court* v. *Bushnell*, 21 Ill. 624; *Stein* v. *Shultz*, 23 Ill. 649.

GEORGE W. HALL, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is a suit brought by a subcontractor to enforce a mechanic's lien against Hawley, who is the owner and appellant, and against Cutter, the contractor. The question turns upon the sufficiency of the account. No account was filed with the original petition; and objection being made to it, the respondent filed a paper containing a proposal addressed by himself to Cutter, as follows: "We propose to paint, grain, glaze, and varnish the house of Dr. Hawley's, according to plans and specifications (excluding stable, and filling and rubbing black-walnut), for the sum of three hundred and fifty-four dollars and fifty cents ($354.50); stable painting and glazing, $67.50; filling and rubbing rails, $3.50." Also, in the form of a bill from "Lowis & Co." to Cutter, the following: "To painting, glazing, graining, and varnishing, as per proposition and agreement, the new building erected for Mr. T. S. Hawley on Easton Avenue, betw. Garrison and Webster Aves., the sum of three hundred and fifty-four dollars and fifty cents ($354.50). Work commenced on Oct. 1, '75; finished April 1, '76."

These two papers were filed as part of an amended petition. The respondent then offered in evidence the lien-claim filed in the clerk's office, which contained, with the heading, " St. Louis, April 13, 1876. Mr. W. H. Cutter, builder, to Lowis & Co., Dr.," the second paper above given, beginning, " To painting, glazing," etc. The appellants objected to the introduction of this, on the ground that it was no proper lien-claim under the statute, and contained no account. This is the question presented for decision in the case.

The lien for materials or work done, under the Mechanic's Lien Act, does not arise from the contract, as such, but, to use the words of the act now in question, from the doing or performing any work or labor upon or furnishing any materials, etc., for the building, etc. It is the account, not the contract, which shows the lien-claim. The contract exhibits what was said, while what was done is the foundation of the lien ; and this the account and its items alone can show. It is true that the two are connected, and the contract may be such as not to admit of many items in the account, as where gross prices are fixed and the work is done in a lump. But the account can always contain some description of the materials or work, drawn not merely from the executory agreement but from facts by which the owner may be informed and guided. These facts the subcontractor ought to know, and these the owner who does not contract cannot know. Here the so-called account confessed its own insufficiency. It referred back to the mere proposal for items and particulars of work. In spite of what the law says, the lien-claimant, instead of himself giving the information, referred the owner to papers which had passed between him and the contractor. It is the " just and true account" which by the statute " is to be a lien " (sect. 5), and where none is filed there is no lien in its inception. Here the work actually done is left uncertain ; the lien-claimants are either not named or are wrongly

named; and the so-called account is materially variant from the other paper offered upon the trial to prove the lien. Under such circumstances, the subcontractor had not complied with the statute and was not entitled to a special judgment. *Mc Williams* v. *Allan,* 45 Mo. 573 ; *Russell* v. *Bell,* 44 Pa. St. 47 ; *Lee* v. *Burke,* 66 Pa. St. 336

The judgment is reversed and the cause remanded, to be proceeded with according to this opinion. All the judges concur.