FREDERICK KLING ET AL., Appellants, *v.* RAILWAY CON-
STRUCTION COMPANY OF CARONDELET ET AL., Respon-
dents.

### June 17, 1879.

1. Where the workman's contract is not with the owner, but with a subcon-
   tractor, the building cannot be bound by this contract for more than the
   reasonable value of the work done and materials furnished; and the lien-
   claim filed must set out the items, though the contract is for a gross sum.

2. A lien claim must be substantially correct and sufficiently definite; a claim
   filed for an amount greatly in excess of the amount due is not a compli-
   ance with the statute.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
GOTTSCHALK, for appellants.
TERRY & WIETING, for respondents.

BAKEWELL, J., delivered the opinion of the court.

This is an action by plaintiffs, as subcontractors, against
the Railway Construction Company as contractors, and the
Carondelet Railway Company as owners of a leasehold in-
terest of ten years, and against Mentrup as owner of the
fee. Terry, another defendant, claims an interest in the
fee, and was made a co-defendant on his own motion.

The Railway Construction Company, in its answer, admits
the contract, but denies the correctness of the account, and
sets up violations of the contract, and delay in completing
the work. The railway company files a general denial.
Mentrup, the owner of the fee, makes default.

The cause was tried without a jury. The court found for
appellants against the original contractor in the sum of
$3,324.36. The finding was against plaintiffs as to the
claim for a lien. Judgment was entered accordingly.

Only two questions are submitted for our consideration by
counsel for appellants : —

1. Was the first item in the account so stated as to war-
rant the giving of a lien for it?

2. Admitting that the first item was properly excluded as not sufficiently specific to warrant a lien, should not the court have granted a lien for the remaining items of the account?

1. The account is for $6,790.75. It purports to be a claim of F. Kling & Brother against the Railway Construction Company of Carondelet for work, labor, and materials done and furnished by F. Kling & Brother, under contract with the Railway Construction Company, upon the buildings described.

The first item is: " To contract price, $4,996." The remaining items are for various extras. The law requires " a just and true account of the demand." Wag. Stats. 909, sect. 5. It is held, generally, that where the contract for construction of the building is for a sum in gross, the items of work and materials need not be filed; but these rulings do not apply where work has been done at the instance of a contractor. Ph. on Mech. Liens, sect. 352. The reason is, that where the contract is with the owner for a round sum of money, he can need no itemized account; but where the contract of the workman, though for a round sum, is not with the owner, but with a subcontractor, the contractor cannot bind the building for more than the materials furnished on the credit of the building are fairly worth, and it is therefore important that the owner should be informed as to the particulars of the demand, that he may inquire as to the justice of the claim. This case seems in this respect to fall within the ruling of this court in *Lowis* v. *Cutter*, 6 Mo. App. 54. This is admitted by counsel for appellants, but he thinks *Lowis* v. *Cutter* at variance with *Hilliker* v. *Francisco*, 65 Mo. 601. In this we think he is wrong. The last-cited case merely goes to this, so far as this point is concerned: that when it appears that the owner was apprised of the terms of the contract between the principal and the subcontractor, and had agreed to the round sum of $7,000 as compensation for the work and

materials mentioned in the first item, that item was suffi-
ciently set out as "Junction City stone furnished for First
National Bank building as per contract, and labor in setting
same, $7,790."

It is presumed that the owner knows nothing of the
nature and amount of the claim, the kind of work done in
the building, the kind and amount of material, and the
time when they were furnished. One who asserts a lien upon
the property of another, who has not dealt with him, may
justly be required to furnish every facility for investigation.
When the reason ceases, the rule may cease. But the rea-
son of the rule seems to apply in full force to the case at
bar, and *Hilliker* v. *Francisco*, the doctrine of which we
admit of course, is not in point.

2. A lien greatly in excess of the amount due cannot be
said to comply with the statute, which requires "a just and
true account." The lien is an encumbrance. A contractor
ought not to be allowed to recover $2,000 on a lien claim for
three times the amount. It would be great injustice to
permit any such lax construction of the lien law, by which
owners might lose purchasers, and be deprived of the mar-
ket value of their property during a long litigation as to a
lien claim which turns out at last to be to a great extent
unfounded. *Hoffman* v. *Walton*, 36 Mo. 613. It is surely
no hardship to require of those to whom this extraordinary
remedy is given that they should file, as the law requires,
an account substantially correct and sufficiently definite of
the claims for which they are entitled to a lien. It would
be oppressive to the owners of real estate to hold that a
lien may be filed for any amount, and shall be good for
such items as may be established. The claim must stand
or fall substantially as made. Any other construction
would be against both the letter and the spirit of the law.

The judgment of the Circuit Court is affirmed. All the
judges concur.