WALDEN *et al.*, *Appellants*, v. ROBERTSON *et al.*

Division One, February 5, 1894.·

1. **Mechanic's Lien:** ONE GENERAL CONTRACT: STATUTE. Where one contracts to build the walls of a certain number of houses, or any less number, the other party may designate, at a fixed price a house, the houses are built under one general contract within the meaning of section 6729, Revised Statutes, 1889, of the mechanics' lien law.

2. ———: ———: ———: JOINT LIEN. Where the buildings are so erected under one general contract and on the same or contiguous lots the lienor is not required under said section 6729 to file a separate lien against each building.

3. ———: ———: ———: LIMITATION. Where several houses are so built on contiguous lots under one general contract, a lien for the work and materials furnished can under said section 6729 be filed at any time within six months after the work ceased on the last house.

4. ———: CONTRACT. The lien is enforceable although the different classes of work were not let to the same persons.

5. ———: ACCOUNTS FOR LABOR. AND MATERIAL. A mechanic's lien including accounts for material furnished and for labor performed may be good as to the former, though bad as to the latter.

6. ———: ———. It is not improper, in making up the labor account. to give the number of thousand of brick laid and the price a thousand for laying the same.

*Appeal from Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*Numa F. Heitman* for appellants.

(1) The lien for labor done and materials furnished under an entire contract upon several buildings owned by the same person and situated on the same or contiguous lots attaches upon the whole estate for the whole value of the labor and material, although the

contract specifies separate amounts for the work to be
done on each house.   The object of section 6729 was
to do away with the rule laid down in the case of
*Fitzgerald v. Thomas*, 61 Mo. 499. *Bulger v. Robertson*,
50 Mo. App. 499.   *Deardorf v. Roy*, 50 Mo. App. 70;
*Heier v. Meisch*, 33 Mo. App. 35; *Schroder v. Muller*,
33 Mo. App. 28;   *O'Leary v. Roe*, 45 Mo. App.
567;   *Twitchell v. Devens*, 45 Mo. App. 283;   *Cole
v. Baron*, 8 Mo. App. 513;   *Page v. Bettis*, 17 Mo.
App. 376; *Iron Works v. Smelting Company*, 80 Mo.
269;   *Wall v. Robinson*, 115 Mass. 429; *Batchelder v.
Rand*, 117 Mass. 176; *Company v. Loomas*, 2 Disney
(Ohio), 544.  (2) The mechanics' lien law is to be liber-
ally construed.   *DeWitt v. Smith*, 63 Mo. 263; *Holy-
hour v. Meer*, 59 Mo. 434; *Gibson v. Nagel*, 15 Mo.
App. 596; *Oster v. Rabeneau*, 46 Mo. 595; *Putnam v.
Rose*, 46 Mo. 336; *McAdow v. Sturtevant*, 41 Mo. App.
220; *Hayden v. Logan*, 9 Mo. App. 492; *Mocham v.
Sullivan*, 1 Mont. 470.   (3) Even if the court had been
right in its ruling that separate liens ought to have
been filed, yet in this particular case he ought to have
admitted the joint lien in evidence and sustained the
lien, because informalities in mechanics' liens by which
no one is prejudiced are to be disregarded, and in the
matter of construction, each case depends upon its own
facts.   *DeWitt v. Smith*, 63 Mo. 263;   *Henry v. Plitt*,
84 Mo. 237;   15 Am. and Eng. Encyclopedia of Law,
p. 143.   (4) The foundation of a mechanic's lien is the
doing of the work and furnishing the material.   It is
not founded upon contract, at all.   The contract is in-
cidental, and not fundamental.   *Lowis v. Cutter*, 6 Mo.
App. 54; *Hannon v. Gibson*, 14 Mo. App. 33; *Judd v.
Duncan*, 9 Mo. App. 422; *Fitzgerald v. Thomas*, 61 Mo.
499;   15 Am. and Eng. Encyclopedia of Law, sec. 13,
par. 1, p. 104, and note 1, p. 105.   (5) The plaintiffs'
demand in this case, after all their work was done and

materials furnished under the one contract in evidence, constituted but one cause of action, and it is a general rule that a cause of action can not be split or divided so as to support two or more actions. Appellants had no power to split up an entire demand and multiply costs by filing and enforcing several liens for one entire demand. The law abhors a multiplicity of liens and lawsuits. *Thoman v. University*, 73 Ill. 310; *Skeen v. Co.*, 42 Mo. App. 158; *Robbins v. Conley*, 47 Mo. App. 502; *Funk v. Funk*, 35 Mo. App. 246; *Co. v. Traube*, 59 Mo. 355-362.

*I. J. Ringolsky* for respondents.

(1) The charge, in the lien account filed, of $1,239.90 for labor is a lumping charge not fixing the price *per diem* nor stating the number of days' work. A lumping charge is not a just or true account. *Rude v. Mitchell*, 97 Mo. 365; *Holtschneider v. Page*, 51 Mo. App. 285; *Smith v. Haley*, 41 Mo. App. 611; *Neal v. Smith*, 49 Mo. App. 330. An account is a detailed statement of mutual demands between the parties. 45 Mo. 574. It is the itemized account, and not the contract, which shows the lien claim. 6 Mo. App. 56; see, also, *Coe v. Ritter*, 86 Mo. 286; *State, etc., v. Smith*, 89 Mo. 408. (2) The lien must be filed within six months from the time the indebtedness accrued. The demand on each house accrued when each house was finished. This is expressly held in *Coal Co. v. Ryan*, 48 Mo. App. 516. The date of filing the lien must be computed from the date of the last actual delivery. *Miller v. Whitelaw*, 28 Mo. App. 639. (3) The dates given of each item of the account filed and offered in evidence show that the lien had expired for the material furnished before the statement offered in evidence was filed with the clerk. (4) The work done by the plaintiff was not done under one

general contract entered into before the work was done. *Fitzgerald v. Thomas*, 61 Mo. 499. (5) Plaintiff's evidence shows that he had no contract with Critchfield, the owner of the property, that would defeat his recovery in this case. 37 Mo. 578; 36 Mo. 451.

BLACK, P. J.—This was a suit to foreclose a mechanic's lien for materials furnished and labor performed in erecting the brick walls of six houses upon three adjoining lots, and for materials furnished and labor performed in erecting a portion of the brick walls of a seventh house upon the east half of another adjoining lot. The lots have a front of fifty feet each, a house being placed upon the west and one upon the east half of each of the three lots and one upon the half lot, leaving a space of three feet between the houses.

According to the record before us Mr. Critchfield held the legal title to the above mentioned, and a number of other adjoining lots. The evidence tends to show, however, that he was a mere man of straw, and that the defendants Robertson and Snyder were the real owners. They started out with the intention to build twenty-nine houses on these lots, all of the same size and the same as to the brick work. They entered into an oral contract with the plaintiffs, whereby the plaintiff agreed to furnish the brick and other material and build the walls of the twenty-nine houses, or any less number that defendants might thereafter conclude to build; for which the defendants agreed to pay the plaintiffs the sum of $500 for each house. Payments were to be made as the work progressed, sufficient to enable the plaintiffs to pay for labor employed by them, and the walls of each house were to be paid for in full when the walls of such house were completed.

Under this arrangement, the plaintiffs completed the walls of the six houses, and erected a portion of the walls of the seventh. The work was all done between the eighth of December, 1889, and the twelfth of February, 1890. Work ceased at the last named date because of a failure on the part of the defendants to comply with their contract. There was then due the plaintiffs, according to the evidence, $2,572. Plaintiffs filed one lien, setting forth their entire account for all the materials and labor, and seeking thereby to charge the three whole lots and the one-half lot before mentioned.

When the plaintiffs offered the lien in evidence the defendants objected, because the evidence showed that the buildings were not erected under one general contract, within the meaning of section 6729, Revised Statutes of 1889, and hence a separate lien should have been filed against each house. The court sustained this objection and excluded the lien, and this ruling presents the principal question in the case.

1. It was held in *Fitzgerald v. Thomas*, 61 Mo. 499, and in *Fitzpatrick v. Thomas*, 61 Mo. 512, that where separate buildings are erected upon separate lots, though contiguous, a single lien filed against all the lots, for the aggregate value of the material and work, was invalid. The opinions in those cases were promulgated in 1876, and in 1877 the legislature passed what is now section 6729 of the Revised Statutes, 1889, for the evident purpose of changing the rule as declared in those cases. That section provides: "When the improvement consists of two or more buildings united together and situated upon the same lot or contiguous lots, or upon separate buildings upon contiguous lots, and erected under one general contract, it shall not be necessary to file a separate lien upon each building for the work done or materials

furnished in the erection of such improvements.''

There is some ambiguity in this section, arising from the use of the word ''upon'' in the second clause. We agree with the Kansas City court of appeals that ''upon'' as first used in that clause means ''consists of.'' *Deardorff v. Roy,* 50 Mo. App. 70. The second clause, therefore, provides for those cases where the improvement consists of separate buildings upon contiguous lots; and such is the case now in hand. The question, then, is whether the walls of the six or seven houses were erected under ''one general contract,'' within the meaning of the statute. It is argued that they were not because the contract does not fix the exact number of houses to be erected, and because the contract fixes the price to be paid for the walls of each house as it is completed.

It is to be observed in the first place that these betterment statutes are remedial in their character, and, when reasonable and not oppressive, are to be liberally construed. Such is the better rule, though authorities to the contrary may be found. *Putnam v. Ross,* 46 Mo. 337; *Oster v. Rabeneau,* 46 Mo. 595; *De Witt v. Smith,* 63 Mo. 263. It is true, mechanics' liens are creatures of the statute, but a fair and substantial compliance with the statute is all that is required. Now it is evident there was but one contract between these parties, and that included all the material to be furnished and all the work to be done by the plaintiffs. The fact that several buildings were to be erected had its effect in the minds of the parties when they agreed upon the price, for it may well be that the plaintiffs could build a number of walls of a number of houses for less money per house than they could build the walls of a single house. We can not see that this contract was any the less one general contract because the defendants retained the right to say how many houses they would build.

Nor did the contract cease to be a general one because it fixed the price to be paid for the walls of each house at the sum of $500. As the contract related to and covered all the houses to be built, it was general, and the fact that the price to be paid was stated at so much per house does not resolve the general contract into specific and separate contracts for each house. The Kansas City court of appeals has held that a like contract made by defendants with other parties for roofing these houses was one general contract within the meaning of the statute, and that ruling we approve. *Bulger v. Robertson*, 50 Mo. App. 499.

2. The defendants insist that the lien was properly excluded because the statute makes no provision for those cases where, as here, the brickwork, the carpenter work, and the roofing are let to different persons. In other words the claim is that section 6729 applies only where the same person or persons undertake as contractors to erect and in all respects complete the houses. We find nothing in this section which gives any support to such a reading. This section is but an addition to and a part of the mechanic's lien law, and must be construed with the other sections. The sections which provide who may avail themselves of a lien apply to cases like this, as well as those cases where one house is erected upon one lot.

3. As the plaintiffs had the right under the law to file one lien including therein all the material furnished and work done, and were not bound to file a separate lien against each building, it follows that it was sufficient to file this one general lien within six months after the entire account accrued, that is to say within six months after the twelfth of February, 1890, the date at which work ceased.

4. Defendants make the further point that the charge in the lien account of $1,239.90 for labor is but

a lumping account, and for that reason is not a just and true account within the meaning of the statute. Concede this objection to be well taken, still it does not follow that the lien should be excluded; for there is a perfect and complete itemized account of the brick furnished and used, and the lien may be good as to the brick furnished, though not good as to the labor account. But the objection is not well taken for these reasons: The account discloses the exact number of brick used, and it also shows on its face the length, height and thickness of each wall. From this data the charge per thousand for laying the brick is a matter of simple calculation. An account specifying the number of thousand and amount per thousand for laying the brick is quite as accurate as an account giving the number of days' work and the price per day. On this point we have been cited to *Rude v. Mitchell*, 97 Mo. 365, but it will be readily seen there is no analogy between that case and the one now in hand. The judgment is therefore reversed and the cause remanded. All concur.