CAHILL, COLLINS & COMPANY, Respondents, v. ORPHAN SCHOOL OF THE CHRISTIAN CHURCH, Appellant.

Kansas City Court of Appeals, June 3, 1895.

1. **Mechanics' Liens:** DESCRIPTION. If the description is specific and definite enough to enable one familiar with the locality to identify the premises, it is sufficient, and the description given in the opinion is *held* to meet the rule.

2. ———: ACCOUNT: ITEMIZATION. When the statute calls for a just and true account, it means a fairly itemized account showing what the materials were, the work done and the prices charged so their reasonableness and lienability may be investigated. The account set out in the opinion *held* insufficient because of lumping items.

3. **Evidence:** BUILDING CONTRACT: DAMAGES. In an action to recover the reasonable worth of putting a heating apparatus into a building, the difference between the apparatus put in and one giving a certain amount of heat is incompetent, since, though the machinery was put in under a building contract, yet such evidence neither tended to prove the reasonable value of the apparatus nor the damages for failure to comply with the contract.

*Appeal from the Callaway Circuit Court.*—HON. JOHN A.
HOCKADAY, Judge.

LIEN REVERSED, GENERAL JUDGMENT ORDERED.

*I. W. Boulware, R. L. Yeager* and *Bailey & Tincher*
for appellant.

(1) · The circuit court should not have admitted
any testimony, for the reason:    *First*, the description
of the land in the petition and lien paper is not suffi-
cient; there should be "a true description of the prop-
erty, or so near as to identify the same;" *second*, nor
is the account sufficiently set out; it is not, "a just and
true account" "after all credits had been given." There
are no dates stated by which it can be ascertained
when the items in the first section of the account were
furnished.    Statutes, 1889, section 6709; *Coe v. Ritter*,
86 Mo. 287; *Rude v. Mitchell*, 97 Mo. 374.    (2) The
paper claimed as constituting a lien should have been
excluded, on defendant's objection, for the reasons
above assigned.    The court should have permitted F.
W. Allen to testify as to the relative value between the
apparatus as constructed and the same if properly con-
structed.

*Horatio D. Wood* and *W. W. Arnold* for respondent.

(1)    The description was sufficient, and the tes-
timony of Mr. Bailey shows that the property could be
identified.    *Buchanan v. Cole*, 57 Mo. App. 19; *Rall v.
McCrary*, 45 Mo. App. 366; *Bradish v. James*, 83 Mo.
317.    (2) The lien account set forth that the materials
were furnished from September 1, 1890, to July 2, 1892.
Under all the decisions this sufficiently set forth the
dates.    *Bruce v. Hoos*, 48 Mo. App. 161; *Steininger v.*

*Raeman*, 28 Mo. App. 606; *Kern v. Pfaff*, 44 Mo. App. 29; *Bambrick v. Webster Groves, etc.*, 53 Mo. App. 587; *McDermott v. Claas*, 104 Mo. 23; *Doyle v. Wurdeman*, 35 Mo. App. 334; *Hayden v. Wolfing*, 19 Mo. App. 357. (3) The fact that plaintiffs' lien account contained extra items, which the court disallowed, does not vitiate the demand, as a just and true account. Phillips on Mechanics' Liens [3 Ed.], sec. 356; *Johnson v. Building Co.*, 23 Mo. App. 549; *Lumber Co. v. Strimple*, 33 Mo. App. 160; *Lumber Co. v. Kreeger*, 52 Mo. App. 418; *Price v. Merritt*, 55 Mo. App. 640; *McLaughlin v. Schawacker*, 31 Mo. App. 373. (4) The court did not err in refusing to permit F. W. Allen to testify as to the difference between the value of the apparatus at the date of the trial and one that would heat the building to a temperature of seventy degrees in zero weather, as far as the purposes of heating the building were concerned. The question was objectionable because the contract was a building contract, and not a contract for sale. *Tower v. Pauly*, 51 Mo. App. 75. And the true rule in such cases, whether the action be on the contract or for the work and materials, is to ascertain what it would cost to make the apparatus comply with the contract. *Haysler v. Owen*, 61 Mo. 274, 275; *Fleischmann v. Miller*, 38 Mo. App. 180.

SMITH, P. J.—This is an action which was brought by plaintiffs to enforce a mechanics' lien for labor and materials furnished in the erection of a heating apparatus for defendant. There was a trial resulting in judgment for plaintiff, to reverse which, defendant appealed.

The defendant complains of the action of the trial court in permitting plaintiff, over its objection, to introduce any evidence, on the ground (1) that there is no sufficient description of the land in the petition.

The description so objected to is as follows: "One acre of ground in the west one half of the southeast quarter of section 8, township 47, range 9, in Callaway county, Missouri, more particularly described as follows:  Beginning at a point twenty feet due east of the extreme northeast corner of said Orphan School building in the above described west one half of the said one fourth section, thence south two hundred and ten feet; thence west two hundred feet; thence north two hundred and ten feet: thence east two hundred feet to the place of beginning; said buildings, improvements and premises were, at the time said work was done and materials furnished, and are now, the property of defendant."

The statute requires that the lien paper shall set forth a true description of the property (or so near as to identify the same), upon which a lien is intended to apply.  R. S., 6709.  The rule is that, if the description is specific and definite enough, so as to enable one familiar with the locality to identify the premises intended to be covered by the lien, it is sufficient. *Holland v. McCarty*, 24 Mo. App. 82; *Buchanan v. Cole*, 57 Mo. App. 11; *Bradish v. James*, 83 Mo. 313; *DeWitt v. Smith*, 63 Mo. 263.  It was clearly proved by the testimony of the witness, Baily, that from the description he could find and identify the ground on which the building was located.  We think the description quite sufficient.

And (2), that the lien paper does not set forth a just and true account, after all credits had been given, nor are there any dates stated, by which it can be ascertained when the items in the first section of the count were furnished.  The lien paper sets forth the following account:

"ST. LOUIS, MO., November 1, 1892.

"*Orphan School of the Christian Church of Missouri, Fulton, Mo., Dr. To Cahill, Collins & Co., St. Louis, Mo.*

"CONTRACT.

"Goods furnished from September 1, 1890, to July 2, 1892.

| | |
|---|---:|
| "To 80 ft., 5 in. pipe connected in place, 70c | $ 56 00 |
| Seventeen other items amounting to | 4,394 00 |
| Total | $4,450 00 |
| By cash | $2,450 00 |
| Balance due | 2,000 00 |

Goods furnished from April 15th to July 2, 1892:
(Extra Work.)

| | |
|---|---:|
| To 297 ft. and 3-4 in. pipe at 6c | $ 17 82 |
| Seventy-six other items amounting to | 466 28 |
| Total | 2,484 09." |

It is to be observed that the lien account on its face shows that there were "seventeen other items, amounting to $4,394," and "seventy-six other items amounting to $466.28." Here are two lumping charges which aggregate nearly $5,000, and yet no intimation is given of what these numerous items consist nor the price of any of them. When the statute calls for a just and true account, it means a fairly itemized account, showing what the materials are, and the work that has been done and the prices charged, so that it can be seen from the face of the account that the law gives a lien therefor. The account must show what the materials were, what work was done, and the prices charged. A lumping item of the whole contract price, on the one hand, and the credits on the other, is no compliance with the law. The account should be complete on its face. *Reed v. Mitchell*, 97 Mo. 373; *Grace v. Nesbitt*, 109 Mo. 9. In the absence

of a specification of the items, the owner has no basis for an investigation of either their reasonableness or lienability.

It is true that in cases where a lumping price is agreed upon between the parties, no other price could have been specified, so that the account would have been just and true. *Grace v. Nesbitt, supra; Hilliker v. Francisco*, 65 Mo. 598; *Miller v. Whilelan*, 28 Mo. App. 639. But here there are two lumping charges, without a specification of either the material or work of which they are composed, so that it can not be seen from the face of the account that the law gives a lien for the amount of such charges.

The defendant further complains of the action of the court in refusing to allow it to ask the witness Allen what was the difference between the value of the apparatus as it then stood, and one that would heat the defendant's building to seventy degrees in zero weather. The plaintiff's action is *indebitatus assumpsit*, to recover what the apparatus and the work of putting the same in defendant's building was reasonably worth. The evidence tends to show that the apparatus and labor, for the reasonable value of which plaintiffs sue, was furnished under a contract. This contract was, we think, in the nature of a building contract. *Globe L. & H. Co. v. Doud*, 47 Mo. App. 438; *Tower v. Pauly*, 51 Mo. App. 75; *Halpin Mfg. Co. v. School Dist.*, 36 Mo. App. 372. It is now well settled that if one party, without the fault of the other, fails to perform his part of a contract of this kind, in such manner as to sue on it, still if the other party has derived benefit from the part performance, the law generally implies a promise on his part to pay such remuneration as the benefit conferred is reasonably worth, over and above the damages resulting from noncompliance by

the builder. *Yeats v. Ballentine*, 56 Mo. 530; *Mohney v. Reed*, 40 Mo. App. 112; *Smith v. Coal Co.*, 36 Mo. App. 567; *Halpin v. School Dist.*, *supra*; *Globe L. & H. Co. v. Doud*, *supra*. The testimony which was sought to be elicited by the defendant of the witness was manifestly irrelevant, for it would not have any tendency either to prove the reasonable value of the apparatus when placed in defendant's building, or the damages, if any, the defendant had sustained by reason of the plaintiff's failure to perform their contract.

It results that the judgment on the lien will be reversed, and a general judgment entered here for the amount of the debt without a lien, the costs of the appeal to be adjudged against plaintiff.

All concur.