CONRAD BICKEL, Respondent, v. FRANK GRAY et al., Defendants, CHARLES ROEDER et al., Appellants.

. St. Louis Court of Appeals, November 28, 1899.

1. **Mechanic's Lien: LIEN ACCOUNT: PETITION AFTER VERDICT, GOOD.** The lien account complied with the statute, and the petition, though defective in failing to allege all the recitals in the lien account, did allege the timely filing in the clerk's office "a just and true account of the demand due him after all just credits had been given thereon, which is to be a lien upon the property described" which, after verdict under the statute of jeofails, was good.

2. ———: ———: ———: **AMENDMENT.** If appellants had objected to the lien account when it was offered in evidence for insufficiency of the allegations in the petition, the petition might then have been amended, so as to allege fully the contents of the lien account, which was not done, and the finding of the trial court will not be disturbed.

3. ———: ———: **MATERIAL, NOT APPORTIONED.** It was not necessary that the lien account should apportion the material used to each of the contiguous buildings, since the mechanic is permitted by section 6729, Revised Statutes 1889, to charge all of the adjacent buildings improved, under the general contract.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*E. P. Johnson* and *Byron Woodward* for appellants.

(1) The petition does not state facts sufficient to constitute a cause for action, by failing to state that the lien claim gave the names of the owners or contractor, or that it was verified, and which statements are necessary to a cause of action. R. S. 1889, secs. 6709 and 6712; Bradish v. James, 83 Mo. 313; Sanderson v. Fleming, 37 Mo. App. 597; Ewing v. Donnelly, 20 Mo. App. 9. (2) The petition and lien claim both allege the ownership of the lots to be in the firm of F. H.

Gray & Bro., and the contract to furnish labor and materials with the firm, and the deeds read in evidence by plaintiff vested the title in Frank H. Gray and Louis P. Gray, as tenants in common and were therefore insufficient to show title in the partnership so that the proof of the allegation failed. Thompson v. Bowman, 73 U. S. 316; Bates' Law of Partnership, secs. 280-287. (3) Section 6705 Revised Statutes 1889, specifically confines a lien to the lot on which materials were used in constructing improvements on it, regardless of the number of houses built on contiguous lots, whether the buildings are separate or contiguous, or built under one or more contracts, and said section, as we contend, remains intact, without amendment or qualification by legislation. Section 6729 simply provides: "It shall not be necessary to file a separate lien on each building for the work done or materials furnished," in certain cases therein specified, and merely regulates the practice in filing liens, and only modifies section 6709, permitting the lines in such cases to be filed together. The latter provision is not mandatory, as such liens may still be filed separately. Kick v. Doerste, 45 Mo. App. 134; State ex rel. v. Railroad, 146 Mo. 155.

*Aug. Rebenack* for respondent.

The lien claim filed in the circuit clerk's office and admitted in evidence did give the names of the owners and was verified and no objection to its introductions in evidence was made, except on the ground "that it does not apportion the charges." "No judgment after trial and submission shall be affected by omission of an allegation without proving which the triers of the issue should not have given verdict." R. S. 1889, sec. 2113; Hall v. Lane, 123 Mo. 633; R. S. 1889, sec. 6705. Section 6729, Revised Statutes 1889, was construed in the case of Walden v. Robertson, 120 Mo. 38. That case is on all fours with the case at bar. The lien was filed against contiguous lots and houses. There was no apportionment as

to the material and labor that entered into any one house, separate from what entered into the adjoining house. The account consisted of one lump charge. The contract was made with the owner. The lien was held good against all the houses and lots. See, also, Heier v. Meisch, 33 Mo. App. 35; Brabazon v. Allen, 41 Conn. 361; Marston v. Kenyon, 44 Conn. 349; Lyon v. Logan, 68 Texas, 521. Texas and Alabama alone have statutes containing the peculiar phraseology of the Missouri statute. Manufacturing Co. v. Burns, 59 Mo. App. 391.

BOND, J.—Action to enforce a mechanics' lien for $851.96 against six buildings on contiguous lots. The contract was with a firm whose individual member held the title to the premises. Certain subsequent encumbrancers were made parties defendant. There was a judgment and lien therefor declared in plaintiff's favor. The beneficiaries under the trust deeds appealed.

The first objection is that the petition is defective in omitting to state that the lien claim gave the names of the owners or contractor, and that it was verified. Section 6709 requires the lien account, among other things, to contain these recitals; and section 6712 requires the petition in a mechanics' lien suit to "allege the facts necessary for securing a lien." The lien account, as shown when it was received in evidence, did give the names of the owners and was verified, as required by statute, and in all other respects fully complied with the law. It is clear, therefore, that there was no absence of full proof that the lien account contained all the statements necessary to secure a mechanics' lien for the sum therein claimed. Hence the only question is should plaintiff's judgment be reversed for a mere omission in his petition to allege all the recitals in the lien account? The petition does allege the timely filing in the clerk's office by plaintiff of " a just and true account of the demand due him after all just credits had been

given thereon which is to be a lien upon the property described." If appellants had objected to the lien account when it was offered in evidence for insufficiency of the allegations in the petition to warrant its reception, the petition might at once have been amended so as to allege fully and specifically the contents of the lien account. No such objection was made. The lien account was admitted and was a sufficient basis for a finding that the statutory requirements as to its substance and filing had been complied with. Unless the proof had showed compliance with the statute as to the filing of the lien account plaintiff could not have recovered. Having adduced this proof we would not be warranted in setting aside the recovery for failure of the petition to enumerate all the things which the statute required the lien account to show. The statute of jeofails clearly cures the omissions in the present petition. R. S. 1889, sec. 2113 and 2303.

It is next urged that the lien account did not specifically apportion to each of the contiguous houses the material used in them respectively under the general contract with plaintiff. This was not indispensable since the enactment of the section known as 6729, Revised Statutes 1889. While the mechanic under that section might still file separate liens against each house he is not obliged so to do, but under its authority is permitted to charge all of the contiguous buildings improved under one general contract. Such was the express design of the amendment which that section made to the mechanics' lien law. Walden v. Robertson, 120 Mo. 38. In the case cited a lien was enforced which did not apportion to each building an account of the material used in its construction, but was predicated upon a total charge for the work on all the buildings. To require the mechanic to pursue in substance the course required before the amendment made by this section of the statute, would do away with its purpose to facilitate the enforcement of his lien account for work done under one contract upon several contiguous buildings; or in other words, to

render the amendment practically meaningless. We can not concur in that view, and therefore affirm the judgment. All concur.