W. C. BAKER, Respondent, v. W. H. SMALLWOOD and JOHN C. KROGE, Appellants.

**Kansas City Court of Appeals, February 5, 1912.**

1. **MECHANIC'S LIENS: Evidence.** In an action to enforce a mechanic's lien by a sub-contractor, it must be shown that the indebtedness accrued within four months next preceding the filing of the lien. The affidavit to the lien account is not evidence of the date of its accrual.

2. **———: Sufficiency of Account.** Notwithstanding the subcontractor's agreement with the contractor fixes his compensation at a lump sum, to be entitled to a lien, the account filed must be fairly itemized to constitute a just and true account within the meaning of the statute.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED AND REMANDED.

*M. J. Kilroy* for appellants.

*Wilcox & Kennedy* for respondent.

JOHNSON, J.—This suit is to enforce a mechanic's lien filed by a sub-contractor who agreed with the original contractor to do the painting of a residence under construction according to the plans and

specifications for the lump sum of $180. Judgment was recovered by plaintiff for the full amount of his demand and a lien was adjudged. The appeal was taken by the owner of the property.

The request of the appealing defendant for an instruction in the nature of a demurrer to the evidence should have been sustained for two reasons. First no evidence was offered by plaintiff to prove that the indebtedness for which he claimed a lien accrued within four months next preceding the filing of the lien. The statute provides (section 8217, R. S. 1909) that "it shall be the duty of every original contractor within six months, and every journeyman and day laborer within sixty days, and every other person seeking to obtain the benefit of the provisions of this article within four months, after the indebtedness shall have accrued, to file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given," etc.

The affidavit to the lien account is not evidence of the date of its accrual and to entitle a sub-contractor to a lien it is just as essential that he introduce proof that his lien was filed within four months of the accrual of the account as it is to prove that he furnished the material and that it went into the building. [Darlington v. Eldridge, 88 Mo. App. 525.]

Second. The account filed, so far as it relates to the work done by plaintiff under his original contract with the contractor was insufficient to preserve his lien. The account is as follows:

"December 15, 1909.

W. H. Smallwood, Contractor, Dr.,
John C. Kroge, Owner, Lot 10, Coleman Highlands, Thirty-second & Summit Sts., Kansas City, Missouri.

To W. C. Baker, 441 Drury, Kansas City, Mo.  June
1909, to November 20, 1909.
To contract painting house with W. H. Small-
wood, contractor, John C. Kroge, owner,
32nd & Summit ....................$180.00"

Then follows an itemized list of extras, amount-
ing altogether to $86.36. As to the extras the account
is sufficient but its insufficiency with respect to the
work furnished under the principal contract is too
plain to admit serious discussion. The rule is well
settled that notwithstanding the sub-contractor's
agreement with the contractor fixes his compensation
at a lump sum, to be entitled to a lien, the account
filed by him must be fairly itemized to constitute it
"a just and true account" within the meaning of the
statute.  [McWilliams v. Allan, 45 Mo. 573; Lowis
v. Cutter, 6 Mo. App. 54; Kling v. Construction Co.,
7 Mo. App. 411; Foster v. Wulfing, 20 Mo. App. 85;
Graves v. Pierce, 53 Mo. App. 285; Rude v. Mitchell,
97 Mo. 372; Cahill v. Orphan School, 63 Mo. App. 28;
Grace v. Nesbitt, 109 Mo. 9.]

In Rude v. Mitchell the Supreme Court say:
"Many things are often included in these building
contracts for which the law gives no lien; and when it
calls for a just and true account, it means a fairly
itemized account, showing what the materials are, and
the work that was done and the price charged, so
that it can be seen from the face of the account that
the law gives a lien therefor. A lumping item of
the whole contract price on the one hand, and the
credits on the other is no compliance with the law
at all. The account should be complete on its face,
and a reference to plans and specifications for the
work done and materials furnished is a worthless ref-
erence and adds nothing to the statement. These liens
are creatures of the statute and the lienor must make
and file an account which is a fair and substantial

compliance with the law. If he fails to do this he has no lien for the materials and work not thus specified."

The judgment is reversed and the cause remanded. All concur.