A. A. NICOL HEATING AND PLUMBING COMPANY, Respondent, v. J. B. NEEVEL & SONS CONSTRUCTION COMPANY, a Corporation, FRANK R. McDERMAND and MYRTLE A. McDERMAND, Defendants, FRANK R. McDERMAND and MYRTLE A. McDERMAND, Appellants.

Kansas City Court of Appeals, March 1, 1915.

1. **MECHANIC'S LIEN:** Mixed Account: Fraud. Where nonlienable material is fraudulently mixed with lienable articles in a mechanic's lien account, it will destroy the validity of the lien.

But if a nonlienable article appears in an account because attached to a lienable article and no claim is made for it and it is not included in the account brought for judgment sought, it will not affect the lien.

2. ———: ———: ———: **Independent Work: Judgment.** If a subcontractor does work for the owner of the building apart from his work for the contractor for which he seeks a lien, and afterwards sues the owner for such work and obtains judgment for it, that is no bar to his right to a personal judgment against the contractor in his action to enforce his mechanic's lien.

3. ———: ———: **Husband and Wife: Entirety: Lease: Evidence.** When husband and wife own land by the entirety and they join in a lease which provides for the erection of a building thereon and the husband alone signs a contract with the contractor for the building, it is sufficient upon which to find a verdict enforcing the lien against both husband and wife.

Appeal from Jackson Circuit Court.—*Hon. A. C. Southern*, Judge.

AFFIRMED.

*Chas. D. Winston* for appellants.

*W. B. Dickinson* for respondent.

ELLISON, P. J.—Plaintiff's action is to enforce a mechanic's lien. Judgment is asked for the amount of the account against the Neevel Corporation and for the enforcement of the lien against the property of defendants Frank and Myrtle McDermand. The trial court sustained the action, and defendants McDermand appeal.

The Neevel Corporation was the contractor for the erection of a building for defendants McDermand and, as such, it entered into a sub-contract with plaintiff to put the plumbing in the building. The evidence showed that plaintiff did so and that payment of the price was not made. The evidence further showed that plaintiff notified the McDermands and afterwards,

before filing the petition in this cause, it filed its account and lien and within ninety days thereafter brought this suit. In short, there was evidence to show that every preliminary action was taken to fasten a lien on the property sought to be charged; all of which was submitted to the jury with the result stated above.

The defense is altogether technical and unsubstantial; much resembling that presented in a case of the Weis Cornice Company against these defendants and decided at our last sitting. Practically the same insistence that defendant Neevel Construction Company was a partnership and not a corporation is asserted here as it was in that case and equally without merit. That the Neevel Construction Company was a corporation there can be no doubt. It was so found in the trial court.

Defendants insist that the case has not been diligently prosecuted by plaintiff. This point is made in the face of the fact that they themselves filed demurrers, motions to make more definite and certain, motions to strike out, motions to elect, with numerous exceptions and term bill of exceptions, all resulting in a record of extraordinary and unnecessary length.

As stated in the Weiss Cornice Company case, the defendants McDermand are husband and wife and own the property by the entirety. In this case, as in that, the contract with plaintiff was in the name of the husband alone. In that case the trial court allowed the lien only against the husband's interest, whereas in this case, it was allowed also against the wife's interest. This comes from the fact that in this case there was evidence of her authorizing the construction of the building which did not appear in that case. That evidence consisted, in part, of her joining her husband in a written lease which provided for the erection of the building, and the husband thereafter con-

tracting for the building. [Winslow Bros. v. McCally Stone Co., 169 Mo. 236.]

After the excavation had been made it was discovered it was too deep to connect with the sewer in the alley and this made it necessary to change plaintiff's plans in plumbing so as to run a greater distance inside the building and out into Grand avenue, so as to connect with the sewer in that street. This involved $124.75 additional expense. But it was all done under the direction and inspection of defendants' architects and properly became a part of plaintiff's claim, and was properly included in the lien. The fact that there was a lump charge for this item of the amount agreed upon does not invalidate the lien. [Grace v. Nesbit, 109 Mo. 9.]

The law is that a plaintiff may destroy his right to a lien if he fraudulently mixes items of nonlienable material with valid parts of his claim. In that connection defendants make a point that plaintiff included an item of $55.20 for which there was no lien. That item arose in this way: Some one put cement in portions of the sewer pipe which hardened and stopped the drainage. Plaintiff was employed by defendant Frank McDermand to clear or repair this, at an expense of $55.20. It seems that this appeared on the paper containing the extra bill of $124, but it was never in fact included in the lien, nor was judgment asked for it or for an amount including that item; and it only appeared on the lien account because it was a part of defendant's acceptance of the item for $124 for extra work. In such circumstances, it could not, of course, affect the validity of plaintiff's claim.

We think the items as set out in the lien are sufficiently specific under the cases of Grace v. Nesbit, 109 Mo. 9; Hilliker v. Francisco, 65 Mo. 598, and Mitchell P. Co. v. Allison, 138 Mo. 50.

It further appears a suit was instituted against defendant McDermand for this charge of $55.20 and

judgment obtained against him. It was a wholly disconnected transaction from the lien, yet defendant brings it forward in the nature of a bar against plaintiff's right to a personal judgment against the Neevel Construction Company. It was a personal matter between plaintiff and defendant McDermand, founded upon a totally distinct transaction from plaintiff's lien and has no bearing on plaintiff's judgment in this case.

We have patiently examined this extraordinary record and find no error substantially affecting the merits. The judgment was manifestly for the right party and is affirmed. All concur.