SPRINGFIELD PLANING MILL, LUMBER AND
CONSTRUCTION COMPANY, Respondent, v.
EHART H. KREBS and EVA KREBS, Appel-
lants, LAND SECURITY COMPANY, JOE
KREBS, JOHN RAGSDALE, W. H. HORINE,
E. D. MERRITT, and LULA C. SHEPPARD, De-
fendants.

Springfield Court of Appeals, June 23, 1917.

1. **MECHANICS LIENS:** Material Furnished: Statutory Rights. A
materialman who has furnished material which was used to build
defendant's house may, by complying with the provisions of sec.
8217, R. S. 1909, compel defendants to pay out of such property the
debt or such part of it as represents the reasonable value of the
material furnished. And this is true although the land owners
may have paid the contractor all that was due.

2. ———: Requirements of Statute: Must Be Complied With. The
Mechanics Lien statute is to be liberally construed, yet the rights
thereunder are wholly statutory and depend on a compliance with
the terms imposed by the statute which create them. And to avail
one's self of the benefits conferred by the statute one must comply
with the substantial requirements of same.

3. ———: When Statement Sufficient. A lien statement filed under
the Mechanics Lien statute which is as definite, as the contract
under which the material was furnished or the labor done, will gen-
erally satisfy the requirements of sec. 8217, R. S. 1909.

4. ———: When Statement Not Sufficient. A statement of lumber
and mill work filed under the Mechanics Lien statute giving the
amount due with no other description of the material furnished
and work done than "lumber and mill work as per estimates," where
such estimates are not in substance incorporated in the statement,
is not sufficient.

Appeal from Greene County Circuit Court.—*Hon. Guy
D. Kirby,* Judge.

REVERSED AND REMANDED (*with directions*).

*Lewis Luster* for appellants.

*Patterson & Patterson* for respondents.

STURGIS, J.—Suit to enforce a mechanic's lien. Plaintiff is a sub-contractor and materialman furnishing the lumber, mill work, etc., which entered into the buildings. The defendants Krebs and wife are the owners of the premises, and defendant John Ragsdale is the contractor. The other defendants are interested as trustees and beneficiaries of certain deeds of trust on such premises. The trial court sustained the lien rendering judgment in the sum of $419.57 and the landowners only, Krebs and wife, have appealed. When speaking of defendants we mean such landowners. The contractor, Ragsdale, was served by publication, made no appearance and hence no personal judgment was rendered against him.

The evidence shows that the defendants Krebs and wife, being the owners of a certain lot in Springfield, Missouri, made a contract with defendant Ragsdale to furnish all the material, labor, etc., and build for them thereon a house and barn according to certain plans and specifications for the price and sum of $2200. The contract was for the completed buildings at this price. The contractor, Ragsdale, thereupon made out two itemized estimates, the one for the lumber necessary to erect the house and the other for the mill work. These estimates he submitted to plaintiff for prices and the plaintiff agreed to furnish the lumber as per estimate for $425 and the mill work for $440. The evidence shows that the estimate for the lumber, speaking generally, included such building material of that character as is commonly kept in stock ready for use—the standard kinds and dimensions. The estimate for mill work included such building material of the same character as required some work in preparing or fitting it for use—doors, windows, stair cases, etc. It is also shown that some items might be placed on either of such estimates indiscriminately, depending upon whether same were kept in stock or had to be made or whether the contractor wanted same finished or fitted for use or the material furnished and the fitting and finishing done

by the contractor. Most items would clearly belong to the one class or the other, but some items might be classed by the contractor as lumber or as mill work according to his notion or convenience. The point is that even a person who is familiar with that business could not tell by looking at the completed building or what went into it just what items may have been furnished as lumber and what as mill work. This we think will be found to be of no very great importance in the present case, as doubtless it made little difference in the cost whether such items were furnished as lumber or mill work. It might make considerable difference, however, had the sub-contracts been let to different persons.

The evidence, we think, is sufficient to show that plaintiff furnished all the material covered by these two estimates and substantially all of same was used by the contractor in the construction of the building. Some small changes were made in the items of these estimates after they were first submitted to plaintiff, but the lien claim is based on the estimates as finally agreed to. It appears, however, that the lumber used in constructing the barn, a small structure, was not included in these estimates but was furnished by plaintiff, amounting to $53.50. The items of this are set out in the lien claim. The plaintiff also furnished the contractor considerable other building material, cement, chats, sand, extra lumber, etc., itemized in the lien account, amounting to $190.22.

The serious matter for our consideration is the sufficiency of plaintiff's lien claim filed in pursuance of section 8217, Revised Statutes 1909, relating to mechanics liens and on which this suit is based. This lien statement, after reciting that plaintiff furnished the materials mentioned in its account under contract with John Ragsdale, contractor, and describing the property on which the buildings and improvements were erected and the ownership of same by Krebs and wife, then sets out its account, two items of which are as follows:

Planing Mill, Lumber & Const. Co. v. Krebs.

"3-21-15 Lbr per estimate No. 264 .......... $425.00
"3-22-15 Mill work estimate No. 44 on bungalow $440.00"

The defendants contend that these so called items are wholly insufficient to comply with the statutory re- quirements giving the plaintiff a right to have same declared a lien on their property.

On the facts stated we must, under the frequent rulings of our courts, sustain defendants' contention. No contractual relation exists between plaintiff, a sub- contractor, and the defendant landowners. Defendants have never agreed to pay plaintiff anything and owe it nothing. It is only by force of our mechanics lien stat- ute that plaintiff had a right to subject defendants' property to the payment of the debt which the con- tractor, Ragsdale, owes the plaintiff. Having furnished the material which went to build defendants' house the plaintiff, by complying with the provisions of the statute, can compel the defendants to pay out of their property this debt, or such part of it as represents the reasonable value of the material so furnished. [Grace v. Nesbit, 109 Mo. 9, 18, 18 S. W. 1118.] And this is true although such landowners have paid to the con- tractor all that is due. The mechanics lien statute giving contractors, sub-contractors, materialmen and laborers this extraordinary remedy is just in principle and is to be liberally construed, but the rights conferred are statutory and depend on a compliance with the terms imposed by the statute giving such rights. To avail himself of the benefits conferred by this statute the plaintiff must comply with the substantial require- ments of same. One such requirement is that the lien statement required to be filed must contain "a just and true account of the demand due him after all just credits have been given." The Supreme Court, in Rude v. Mitchell, 97 Mo. 365, 11 S. W. 225, said: "These liens are creatures of the statute and the lienor must make and file an account which is a fair and substantial compliance with the law. If he fails to do this he has no lien for the materials and work not thus specified."

[Mining Co. v. Coyne, 164 Mo. App. 492, 509, 147 S. W. 148; Foster v. Wulfing, 20 Mo. App. 90.]

What is a just and true account as required by the statute has been frequently adjudicated. The general rule requires the account to be fairly itemized; but to what extent depends somewhat on circumstances. It largely depends on the contract with the lien claimant under which the indebtedness arose. It will generally be found sufficient if the lien account filed is as definite and specific as the contract under which the labor or material or both were furnished. [Kern v. Pfaff, 44 Mo. App. 29, 34.] If the landowner is given by the lien account the same data as was furnished the sub-contractor or materialman in fixing the price which he charged or contracted for together with such price, the account will generally be fair and just. This information as to what material, the quantity and kind, was furnished by the party seeking the lien and the price or prices charged or contracted for must be shown by the lien account and it will not suffice to refer the landowner to some outside contract, statement or estimate which may or may not be known or accessible to such landowner. The Supreme Court, in Rude v. Mitchell, 97 Mo. 365, 373, 11 S. W. 225, stated the law thus: "Many things are often included in these building contracts for which the law gives no lien; and when it calls for a just and true account, it means a fairly itemized account showing what the materials are, and the work that was done, and the price charged, so that it can be seen from the face of the account that the law gives a lien therefor. A lumping item of the whole contract price on the one hand and the credits on the other is no compliance with the law at all. The account should be complete on its face, and a reference to plans and specifications for the work done and the materials furnished is a worthless reference and adds nothing to the statement." In Grace v. Nesbit, 109 Mo. 9, 19, 18 S. W. 1118, after quoting and approving the above statement of the law, the court added: "We understand from this opinion (which is given entirely upon the

item of account filed in that case), that the account must show what the materials were, what work was done, and the prices charged. In other words the statute requires more than merely 'giving a lumping item of the whole contract price.' It requires a specification of the work done or material furnished, so that it can be seen from the face of the account that the law gives a lien therefor and that the owner can investigate the reasonableness of the charges. If a lumping price was agreed upon between the parties, no other price could have been specified so that the account would have been 'just and *true*.' "

The reason for requiring a lien statement to contain a just and true account is that the landowner may have therefrom what materials the lien claimant claims to have furnished and what prices he charged therefor so that such landowner may investigate whether such material went into his building and is lienable and the reasonableness of the amount charged. It will be seen that a lien statement which is as definite as the contract under which the material was furnished or labor done will, generally at least, supply this information. Thus in Grace v. Nesbit, 109 Mo. 9, 17, 18 S. W. 1118, the law is thus stated by McFARLAND, J.: "The purpose of the statute in requiring an account of the demand due to be filed was evidently to advise the owner, as well as creditors and purchasers, of the amount of the lien claimed against the property; that the correctness and justice of the demand might be investigated; and that the owner might be able to retain from the contractor enough of the contract price to discharge the claim. It is evident that when the demand claimed to be due, after allowing all just credits, is given, and the items of materials furnished are set out sufficiently in detail to allow an investigation of the reasonableness of the charges made, and to indicate whether the account is for materials for which the statute gives a lien, the purpose of the statute, in respect to the substance of the account, has been substantially complied with." In Lumber Co. v. Stoddard Co., 113 Mo. App. 306, 319-

320, 88 S. W. 774, the court said: "The principal facts to be shown by a lien statement are what material or work the claimant wishes a lien for and when the indebtedness accrued. Such a showing enables the owner of the premises to ascertain whether the work or material actually went into the improvement and whether the statement was filed in the time limited. By ascertaining the truth about these matters, the owner will know that his property is or is not liable, prima facie, for the claim." And it was there held that the dates of the particular items are not essential where it is shown that the indebtedness accrued within the requisite period before the filing of the lien statement. On this point see also Mitchell Planing Co. v. Allison, 138 Mo. 50, 40 S. W. 118.

In Kling v. Railway Construction Co. of Carondolet, 7 Mo. App. 419, the court, in holding the lien bad because the lien statement was not itemized, said: "The contractor cannot bind the building for more than the materials furnished on the credit of the building are fairly worth, and it is therefore important that the owner should be informed as to the particulars of the demand, that he may inquire as to the justice of the claim."

In Busse v. Fette, 55 Mo. App. 453, 457, the St. Louis Court of Appeals said: "The object of the statute, which requires an itemized statement of the account, is to notify the owner, and other parties interested in the property sought to be charged with the lien, of the nature of the work and the amount of the claim, to enable them to inquire into the validity of the claim as an encumbrance." [See, also, Lewis v. Cutter, 6 Mo. App. 54; Cahill v. Orphan School, 63 Mo. App. 28; Kearney v. Wurdman, 33 Mo. App. 455.]

Where it is also shown that the materialmen or subcontractors, as was the case here, contracted to furnish a large amount of specified material for a lump sum it will be sufficient to follow the contract in making out the lien account and give the lump price, together with the items and specifications of the materials furnished.

Had this plaintiff set out in his lien account the items and specifications of the lumber and mill work substantially as contained in the estimates submitted to it by plaintiff with the lump price of the articles in each such estimate, the lien claim would be sufficient. [Heating & Plumbing Co. v. Construction Co., 187 Mo. App. 584, 589, 174 S. W. 161; Grace v. Nesbit, 109 Mo. 9, 17, 18 S. W. 1118.] So in Planing Mill Co. v. Allison, 138 Mo. 50, 58, 40 S. W. 118, the court ruled: "If the contract of the sub-contractor was to supply for the building a certain group of articles, for a certain price, there is no valid objection to his *reciting these articles* and then stating that one price in his claim, as was done in the case at bar. [Grace v. Nesbit (1892), 109 Mo. 9, 18 S. W. 1118; Deardorff v. Roy (1892), 50 Mo. App. 70; Sosman v. Conlon (1894), 57 Mo. App. 25.] That price is prima facie the reasonable value of the articles. [Hilliker v. Francisco (1877), 65 Mo. 598.]" In the recent case of Baker v. Smallwood, 161 Mo. App. 257, 259, 143 S. W. 518, the court, speaking of an account where, as here, both the materials furnished and the price charged were lumped (and reference made to a contract) the court, holding such lien statement insufficient, said: "The rule is well settled that notwithstanding the sub-contractor's agreement with the contractor fixed his compensation at a lump sum, to be entitled to a lien, the account filed by him must be *fairly itemized* to constitute it 'a just and true account' within the meaning of the statute. [McWilliams v. Allen, 45 Mo. 573; Lewis v. Cutter, 6 Mo. App. 54; Kling v. Construction Co., 7 Mo. App. 411; Foster v. Wulfing, 20 Mo. App. 85; Graves v. Pierce, 53 Mo. App. 285; Rude v. Mitchell, 97 Mo. 372; Cahill v. Orphan School, 63 Mo. App. 28; Grace v. Nesbit, 109 Mo. 9.]"

The materials furnished by plaintiff, the lumber and mill work, could have easily been fairly itemized so as to intelligently show what lumber and mill work were furnished, as is demonstrated by the fact that the plaintiff had before it, when bidding on the same, an

itemized statement or estimate, as it is called, showing the various amounts, kinds and dimensions of the lumber required and like particulars as to the mill work. This case, therefore, does not belong to the class of cases where it can be said that the items, though somewhat general and relating to the finished work rather than the particular ingredients or elements entering into the house, are yet as specific as the usages of the trade require and are sufficient to give the landowner all the information necessary to investigate and determine the reasonableness of the charges and whether the materials and work are lienable. Such are the cases of McDermott v. Class, 104 Mo. 14, 23, 15 S. W. 995; Walden v. Robertson, 120 Mo. 38, 44, 25 S. W. 349; Holland c. Cunliff. 96 Mo. App. 67, 80, 69 S. W. 737.

The case of Hilliker v. Francisco, 65 Mo. 598 comes nearer than any we have found in sustaining plaintiff's position. That case has not been overruled, but has been limited to the specific facts there appearing and in the later case of Rude v. Mitchell, 97 Mo. 365, 373. 11 S. W. 225, the court said it "goes to the verge of the law." This last case pointed out that the items in dispute in the Hilliker case "related to the stone work and labor of setting only and the price is given," thus putting it in the class of cases last cited. It should also be noted in the Hilliker case that the landowner had agreed with the contractor as to the compensation to be paid for the labor and material embraced in that item, thus making him, in effect, a party to the subcontract. The case of Mahan v. Brinell, 94 Mo. App. 165, 67 S. W. 930, follows the Hilliker case and the items and specifications contained in the lien statement for a lump job are apparently as detailed and specific as in the contract under which they were furnished and the principle is applied that "When the lien is filed by the original contractor, who has specifically agreed with the owner to do the job for a certain price, it seems a detailed statement of the items of material and labor that entered into the improvement is not required; presumably because the owner knew what he

bargained for when he agreed on a price and does not need to be appraised of the basis of the charge by an enumeration of items.'' The same may also be said of the case of McMillan & Parker v. Ball & Gunning Co., 190 Mo. App. 340, 350, 177 S. W. 315, decided by this court, where the account, in accordance with the contract, gave a lump sum for furnishing the materials and doing the work of constructing wheat tanks of given dimensions ''to be built and constructed of sand, chat, cement and reinforced with iron rods and wires.'' That case has been certified to the Supreme Court and not yet decided there. The language used in any opinion must be understood as applying to the facts of that case. [Press Brick Co. v. Construction Co., 177 Mo. App. 573, 582, 160 S. W. 1027.] We think that case was correctly decided, and the language used at page 350 should not be construed or understood to mean other than that the lien account should contain a fairly itemized account showing what the materials are and the work done and the prices charged so that it can be seen from the face of the account that the law gives a lien therefor. [State ex rel. v. Reynolds, 266 Mo. 595, 598, 182 S. W. 783.]

Rejecting, as we must, the two general items mentioned as being insufficient, the balance of plaintiff's account, as found by the trial court, applying the credits, as we think we should do, on the rejected items, is $231, to which is to be added interest at six per cent, from August 13, 1915, to date. That part of the account, inclusive of the lumber furnished for the barn, itemized and priced at a lump sum, is sufficient to meet the statutory requirements.

Other errors complained of have been noted but are not sustained.

The case is therefore reversed and remanded with directions to enter judgment in the said sum of $231 with interest as above mentioned. *Cox, P. J.,* and *Farrington, J.,* concur.