EDWARD STIEGLITZ et al., Respondents, v. O. J. LEWIS
MERCANTILE COMPANY, Garnishee of ABRAHAM
ROSENBERG; JULIUS GATES, Interpleader,
Appellant.

**St. Louis Court of Appeals, October 18, 1898.**

1. **Attachment**: GARNISHMENT: BAILOR AND BAILEE. Where goods
are delivered and the proceeds from the sale of said goods is not a sum
to be charged against the company receiving them until after settle-
ment and deduction of commissions, it is not a matter of book account
in the ordinary acceptation of that term, and the relation of the par-
ties is that of bailor and bailee, and not that of debtor and creditor.

2. ———: INTERPLEADER: TRUST DEED. Where a trust deed contains
a descriptive clause conveying "also all book accounts, bills receiv-
able, and evidences of debt for goods sold out of said store" it was
held that the proceeds from the sale of said goods, after settlement
and deduction of commissions did not pass to the interpleader by the
terms used in the chattel deed of trust.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDEN P. SPENCER, Judge.

AFFIRMED.

BLEVINS, LYONS & SWARTS and ALFRED P. HEBARD
for respondents.

An account is a detailed statement in the nature of
debt and credit between parties arising out of contract
or some fiduciary relation; the primary idea conveyed
by it is some matter of debt. Am. and Eng. Ency. of
Law [2 Ed.], p. 434; Watson v. Penn, 108 Ind. 21, at
p. 25; Nelson v. Commissioners, 105 Ind. 287, at p.
288, fourth par.; Whitwell v. Willard, 1 Met. (Mass.)
216, at p. 217, bottom; Rensselaer Glass Factory v.
Reed, 5 Cow. (N. Y.) 216; Gale v. Drake, 51 N. H.

78.  A book account is a matter of debt such as is ordinarily entered in a book of account in the ordinary course of business.  Century Dictionary—"Book Account."  McEvoy v. Bent, 11 Weekly Rep. 314; Shipley v. Marshall, 14 Com. Bench [N. S.], 565; s. c., 108 Eng. Com. Law Rep. 565; Gale v. Drake, 51 N. H. 78. The claim of Rosenberg against the O. J. Lewis Mercantile Company was not in the nature of debt, nor such as is ordinarily entered in books of account in the ordinary course of business.  It was simply a case of bailment and pledge where Rosenberg was bailor and pledgor, and the O. J. Lewis Mercantile Company was bailee and pledgee, the bailment being for purpose of having goods sold by bailee for benefit of bailor.  The legal title to a pledge remains in the pledgor.  2 Bouvier's Law Dict., Pledge, p. 425, bottom of second column; 18 Am. and Eng. Ency. of Law [1 Ed.], p. 590; 1 Schouler on Personal Property [2 Ed.], p. 466, sec. 394; Schouler on Bailments [2 Ed.], p. 177, sec. 167; State v. Adams, 76 Mo. 605; Williams v. Rorer, 7 Mo. 566.   Only such property will pass by chattel mortgage or assignment as is fairly included within the terms of the instrument.  Jones on Chat. Mort. [4 Ed.], p. 79, sec. 62; 3 Am. and Eng. Ency. of Law [2 Ed.], p. 36; Burril on Assignments [5 Ed.], p. 189, sec. 134; Van Patten v. Leonard, 55 Iowa, 520, p. 527; Curtis v. Phelps, 5 Mich. 512; Fletcher v. Powers, 131 Mass. 333.   Interpleader  must  recover, if at all, upon the strength of his own title and the burden of proof is upon him to establish it.  Beck v. Wisely, 63 Mo. App. 239; Kirchenschager v. Armitage Herschel Co., 58 Mo. 165; Clark v. Few, 62 Ala. 243, at page 246, first paragraph; Sawyer Paper Co. v. Morgan, 60 Mo. App. 76; Scharff v. Meyer, 133 Mo. 428, at p. 44, last half of 2d paragraph.; Springfield Engine and Thresher Co. v.

Glazier, 55 Mo. App. 95; Nolan v. Deutsch, 23 Mo. App. 1.

COLLINS & JAMISON for interpleader and appellant.

"An account is a detailed statement of mutual demands in the nature of a debt and credit between parties arising out of contract or some fiduciary relation." The dealings between O. J. Lewis Mercantile Company and Abraham Rosenberg as regards to the fund in question, constituted a book account between the parties, and the chattel deed of trust read in evidence conveyed the fund now in court to the interpleader prior to the filing of the attachment suit. Bouvier's Law Dict., "Account;" 1 Am. and Eng. Ency. of Law, pp. 108, 109; Ittner v. St. L. Ex. & M. H. Ass'n, 97 Mo. 561; McWilliams v. Allan, 45 Mo. 573. "A running account is the result of a mutual agreement, express or implied," and " it may still be an open account, if so understood between the parties, though a long interval may intervene between the items." Estes v. Hamilton-Brown Shoe Co., 54 Mo. App. 543; Madison County Coal Co. v. St. Bt. Colona, 36 Mo. 446. "A mutual account arises where there are mutual dealings and the account is permitted to run with a view of an ultimate adjustment by a settlement and payment of the balance. Chadwick v. Chadwick, 115 Mo. 581. It might be assumed as a proposition of universal acceptance that the absolute owner of property has a right to transfer the same by any description which together with parol evidence may ascertain the property conveyed. The description in the chattel deed of trust of the fund in question, in connection with the testimony of Abraham Rosenberg, was sufficient to convey the title thereto to the interpleader. State v. Keeler,

49 Mo. 548; Clark v. Few, 62 Ala. 243; Walker v. Newlin, 22 Kan. 106; Nay v. Brittin, 61 Tex. 572; Burrill on Assignments [5 Ed.], p. 189, sec. 134, also p. 150, sec. 100.

BLAND, J.—Respondents began suit by attachment against Abraham Rosenberg in the St. Louis circuit court on April 1, 1897. On the same day a writ of attachment was issued and delivered to the sheriff, who on the same day garnished the O. J. Lewis Mercantile Company. Subsequently the garnishee answered that at the date of the summons of garnishment it had in its possession property of the defendant, which it had sold for $1,131, and that there was due to it from Rosenberg $695.50 on account of advances made on the property, and the further sum of $101 as commissions for selling the property, leaving a balance of $334.50. The garnishee was allowed $15.50 for its answer, paid $319 into court and was discharged. Julius Gates interpleaded for the sum paid into court by the garnishee, claiming the right to the fund as the trustee of Rosenberg, under a chattel deed of trust made to him for the benefit of certain named creditors of Rosenberg. The averments of the interplea were put in issue by a general denial. The issues on the interplea were tried by the court without the intervention of a jury; no declarations of law were asked or given; the issues were found against the interpleader, who after an unavailing motion for a new trial duly appealed to this court.

To sustain his interplea appellant offered and read in evidence a chattel deed of trust executed on March 30, 1897, to him by Rosenberg, for the benefit of the Commercial Bank and other creditors of Rosenberg. The deed of trust was recorded on the day of its execution and conveyed all of Rosenberg's stock of goods

contained in a certain building in the city of St. Louis, all fixtures and furniture in the building belonging to Rosenberg, one horse and buggy, and also *"all book accounts, bills receivable, and evidences of debt for goods sold out of the store."* Rosenberg testified that he had on his books $400 or $500 as due from the O. J. Lewis Mercantile Company, but that his books had been stolen, and that in making out a list of accounts due him for the trustee a few days after executing the deed of trust, he left the account due from the O. J. Lewis Mercantile Company blank for the reason he says that he did not know the exact amount, but that he was able to give the amount due him from other parties, because he had kept slips showing the amounts due him from all his customers, except the O. J. Lewis Mercantile Company. He also testified that it was his custom to send goods (clothing) to the O. J. Lewis Mercantile Company for sale and to receive from the company advances on the goods; that the company had no right to sell any of the goods so sent by him at prices below the prices put on them by himself; that he could not take goods back once sent to the company for sale, and that if the goods could not be sold at the prices fixed by him, the company would have to see him and they agree on some other price; that the company would make advances on his goods, sell them, take out commissions, and pay over balances to him.

It was stipulated on the trial between counsel for both parties that the only question in the case is this, "whether the proceeds of the goods delivered to the O. J. Lewis Mercantile Company were included in the deed of trust from Rosenberg to interpleader." Respondents offered no evidence. The sole question for review is, as was stipulated on the trial, whether the deed of trust includes the funds attached in the hands of the garnishee. If this fund passed by the

deed of trust, it did so under the following descriptive clause of the deed, viz., "also all book accounts, bills receivable, and evidences of debt for goods sold out of said store," and it must come under the category of a book account, as it could not pass under the description of bills receivable or evidences of debt. Hence it is important to inquire what is a book account. In Rawland v. Burton, 2 Harrington Rep. 288, a notched stick was allowed to be introduced in evidence as a book of original entries; and in Smith v. Smith, 4 Harrington Rep. 532, scraps of paper were admitted as books of original entries. But in Richardson v. Wingate, 10 Wester L. J. 145, it was said in substance, that the expression "book of accounts" means books as they are well known to be universally kept, a statement in detail of the transactions between. parties, including prices made contemporaneously with the transaction and entered in a book, and that a tally on a board, or loose sheets of paper, do not constitute a book of account. In McWilliams v. Allan, 45 Mo. 573, it is said an account implies mutual dealings and the existence of debt and credit. Webster defines book account thus: "An account or register of debt and credit in a book." This definition is in harmony with the current of legal decision; and in accord with the common acceptation of the term. Gale v. Drake, 51 N. H. 78; Century Dictionary. The relation of Rosenberg and the O. J. Lewis Mercantile Company was that of bailor and bailee, and not that of debtor and creditor. The goods delivered by Rosenberg to the O. J. Lewis Mercantile Company were not goods sold and delivered to be entered in a book of account, but goods to be sold on commission. The relation of the O. J. Lewis Mercantile Company to Rosenberg as to the goods was one of trust, not that of a debtor, and the proceeds from

*Book account defined.*

the sale of goods was not a sum to be charged to that company until after the settlement and deduction of commissions, and hence was not a matter of book account in the ordinary acceptation of that term, and did not pass to the interpleader by the terms used in the chattel deed of trust. Gale v. Drake, *supra*. It follows that the judgment of the trial court should be affirmed, and it is so ordered. All concur.